STEPHEN J. USOZ, ESQ., SBN 189095
LESLIE HOLMES, ESQ., SBN 192608
YAMIN T. MAUNG, ESQ., SBN 253531
HOGAN HOLMES & USOZ LLP
333 West Santa Clara Street, Suite 800
San Jose, California 95113
Telephone (408) 292-7600
susoz@hoganlaw.com

Attorneys for Plaintiff Darrin Smolinski

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

DARRIN SMOLINSKI, an individual

Plaintiff,

v.

CITY OF PACIFIC GROVE, a public entity;
PACIFIC GROVE POLICE DEPARTMENT,
a public entity, SCOTT MILLER, an
individual, DARIUS ENGLES, an individual.

Defendants

Case No. C08 01809 RS

COMPLAINT FOR DAMAGES

Plaintiff DARRIN SMOLINSKI alleges as follows:

**THE PARTIES**

1. Plaintiff Darrin Smolinski ("Smolinski") is, and at all times herein mentioned was, an individual residing in the County of Monterey, California. Smolinski is, and has been, employed as a police officer at the City of Pacific Grove Police Department (the "Department") since June, 1997. Smolinski is a white, homosexual male. His sexual orientation is well known to the City of Pacific Grove (the "City") and the employees and agents of same.

Complaint for Damages                   1

2. Smolinski is informed and believes and on that basis alleges that the City is, and at all times herein mentioned was, a public entity of the State of California, located within the County of Monterey.

3. Smolinski is informed and believes and on that basis alleges that the City of Pacific Grove Police Department (the "Department") is, and at all times herein mentioned was, a public entity acting under the auspices and governance of the City and located within the County of Monterey.

4. Smolinski is informed and believes and on that basis alleges that Scott Miller ("Miller") is, and at all times herein mentioned was, an individual residing in the County of Monterey. Smolinski is further informed and believes and on that basis alleges that at all times herein mentioned, Miller was acting within the course and scope of his employment as the Department Chief and/or a Councilman of the City.

5. Smolinski is informed and believes and on that basis alleges that Darius Engles ("Engles") is, and at all times herein mentioned was, an individual residing in the County of Monterey, and was acting within the course and scope of his employment as the Department Chief of Police.

6. At all times relevant, each of the Defendants was the agent and employee of each of the remaining Defendants, and in doing the things hereinabove and below alleged, was acting within the course and scope of said Department. At all times relevant, each of the Defendants authorized, ratified, and adopted the conduct hereinabove and below alleged of each of the remaining Defendants.

7. Smolinski was required to and did present a claim to the City and Department pursuant to the applicable California Government Code Sections. Smolinski also filed the requisite Department of Fair Housing and Employment and Equal Employment Opportunity Commission complaints with an ongoing investigation as of this date. Smolinski has received a Right to Sue Letter. A true and correct copy of the Right to Sue Letter is attached hereto as Exhibit A.

Complaint for Damages

2

## VENUE AND JURISDICTION

8. This Court has jurisdiction pursuant to 28 U.S.C. Section 1331 and the State pendent claims. This Court is the proper venue as certain of the acts and/or omissions took place in this District within the City of Pacific Grove, County of Monterey.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

9. Over the years of Smolinski's employment, Defendants, and each of them, have engaged in policies and practices that willfully, intentionally, and unlawfully discriminating against Smolinski on the basis of his sexual orientation and in retaliation for the exercise of his civil rights. The discriminatory and retaliatory policies and practices includes, but are not limited to, denying him promotions and/or assignments to the detective position, to sergeant or commander within the Department, and were made in response to complaints made by Smolinski relating to discriminatory practices of Defendants and testimony by Smolinski in Federal Court on behalf of a bisexual co-worker.

10. Smolinski's sexual orientation has been the subject of jokes and ridicule; Department employees have made derogatory comments about their work related contacts with gay, lesbian, bisexual, and transgender individuals; Smolinski has been told that there is disapproval of his "lifestyle" within the Department; members of the Department have made remarks relating to Smolinski's anatomy in relation to his sexual orientation; Smolinski's personal life has been openly discussed by the Department, including the disclosure to two personnel shifts, of the issuance of an arrest warrant for Smolinski's former domestic partner; use of the Department email system, in violation of the Department's policy, was utilized to circulate information which utilized derogatory terms and statements relating to homosexual and bisexual individuals, including one entitled "Am I Gay? Time For Your Annual 'Am I Gay? Self Examination," a copy of which is attached hereto as Exhibit B.

11. Smolinski has informed the Department and the City of the above-referenced activities, communications and violations and that he was offended by such activities, communications and violations. During such time Defendant Miller was originally the Chief of

Police (COP), and subsequently Defendant Engles became COP for a portion of the time referred to herein.

12. Defendants, and each of them, knew or should have known of the foregoing events and the continuous harassment that is pervasive with the Department against homosexuals and have promulgated a hostile work environment for Smolinski in tacitly approving the actions and/or omissions to act as taken against Smolinski.

**COUNT I – RETALIATION**
**42 U.S.C. Section 2000e, *et seq.*, California Government Code Section 12940, *et seq.***
**AS AGAINST ALL DEFENDANTS**

13. Smolinski incorporates paragraphs 1 through 12 of this Complaint as though set forth in full herein.

14. Smolinski was, and is, a part of a protected class in that he exercised his civil rights to make complaints to the Equal Employment Opportunity Commission ("EEOC") and the Department of Fair Housing and Employment ("DFEH") for what he believed to be unlawful discriminatory treatment and testifying in Federal Court proceedings.

15. Smolinski is informed and believes and on that basis alleges that adverse employment actions have been taken against him by the Defendants, and each of them, as set forth herein in retaliation for Smolinski's exercising of his protected rights in his complaints of unlawful discriminatory treatment in his employment and his testimony against Defendants in a Court proceeding brought by a bisexual co-worker as a Title VII claim. These actions have created an intolerable hostile workplace environment in that the failure to act to protect Smolinski provided tacit approval for the continued pervasive pattern of conduct.

16. Such actions are unlawful, discriminatory and retaliatory in violation of Title 42 of the United State Code, Section 2000e. *et seq.*, and California Government Code Section 12940, *et seq.*

17. Despite Defendants' actual knowledge of the above-mentioned retaliation, and the knowledge of its supervisors and agents, Defendants City and Department failed to take immediate and appropriate corrective action to stop the retaliation. Furthermore, Defendants, and each of them, have failed to take all reasonable steps to prevent such retaliation from re-

Complaint for Damages

4

occurring. As a direct and proximate result of the actions and/or inactions of Defendants, and each of them, as set forth above, Smolinski has sustained damages, including attorneys' fees and costs.

WHEREFORE, Smolinski prays for judgment as set forth below

## COUNT II - NEGLIGENCE
## AS AGAINST ALL DEFENDANTS

18. Smolinski incorporates paragraphs 1 through 17 of this Complaint as though set forth in full herein.

19. Since Smolinski is an employee of the Department, Defendants, and each of them, had a duty, generally and under Federal and State regulations to provide him a safe working environment, free from harassment, discrimination, and retaliation.

20. Defendants, and each of them, breached their duties by failing to address, rectify and remedy the discriminatory and retaliatory acts, sexual harassment and sexual orientation discrimination from Smolinski's supervisors and co-workers, other Department employees, as well as appointed and elected officials of the City, and from breaching their ministerial duties conferred upon them under the law.

21. As a direct and proximate result of the actions and/or inactions of Defendants, and each of them, Smolinski has, and continues to sustain damages, in an amount to be proven at the time of trial.

WHEREFORE, Smolinski prays for judgment as set forth below.

## COUNT III - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## AS AGAINST ALL DEFENDANTS

22. Smolinski incorporates paragraphs 1 through 21 of this Complaint as though set forth in full herein.

23. During the period of Smolinski's employment, up to and including the present, Defendants, and each of them, intentionally, willfully and with malicious disregard for the probability that such actions and/or inactions would result in Smolinski sustaining damages to

his well being, including, but not limited to, severe emotional distress, engaged in unlawful, discriminatory and retaliatory conduct.

24. The conduct of Defendants, and each of them, was willful, malicious, outrageous and beyond the bounds of decency such that no reasonable person could be expected to endure it. Smolinski was, and continues to be, forced to endure humiliation and ridicule due to his sexual orientation, and retaliatory acts based on his role as a witness in a Federal Court proceeding on behalf of a bisexual co-worker.

25. As a direct and proximate result of the intentional actions and/or inactions of Defendants, and each of them, Smolinski has, and continues to sustain damages, in an amount to be proven at the time of trial.

26. Due to the nature of Defendants', and each of their, intentional actions and/or inactions, Smolinski is entitled to punitive damages in an amount to deter Defendants, and each of them, from engaging in such willful, malicious, outrageous and indecent behavior in the future.

WHEREFORE, Smolinski prays for judgment as set forth below.

## COUNT IV - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AS AGAINST ALL DEFENDANTS

27. Smolinski incorporates paragraphs 1 through 26 of this Complaint as though set forth in full herein.

28. During the period of Smolinski's employment, up to and including the present, Defendants, and each of them, negligently and with reckless disregard for the probability that such actions and/or inactions would result in Smolinski sustaining damages to his well being, including, but not limited to, severe emotional distress, engaged in unlawful, discriminatory and retaliatory conduct.

29. The conduct of Defendants, and each of them, was negligent in that no reasonable person could be expected to endure it. Smolinski was, and continues to be, forced to endure humiliation and ridicule due to his sexual orientation, and retaliatory acts based on his role as a witness in a Federal Court proceeding on behalf of a bisexual co-worker.

Complaint for Damages

6

30. As a direct and proximate result of the intentional actions and/or inactions of Defendants, and each of them, Smolinski has, and continues to sustain damages, in an amount to be proven at the time of trial.

WHEREFORE, Smolinski prays for judgment as set forth below.

### COUNT V - INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE AS AGAINST ALL DEFENDANTS

31. Smolinski incorporates paragraphs 1 through 30 of this Complaint as though set forth in full herein.

32. Smolinski is, and has been, an employee of the Department since 1997. During his time there, Smolinski has applied for positions for which he had a high probability of obtaining. He has received multiple commendations during his employment and high ratings for his abilities and leadership. Smolinski has also received top scores for the promotional interview processes he has participated in.

33. Defendants, and each of them, knew of the economic relationship of Smolinski with regard to his employment by the Department, and what benefits he would receive if he was promoted within the Department.

34. Defendants, and each of them, acted intentionally, wrongfully and unlawfully in interfering with Smolinski's promotional opportunities, to Smolinski's detriment.

35. Due to the wrongful conduct of Defendants, and each of them, as set forth above, Smolinski was denied promotions for which he was qualified and able to perform. As a result, Smolinski has lost the benefits he would have received had he been promoted.

36. As a direct and proximate result of Defendants', and each of their actions and/or inactions, Smolinski has suffered, and continues to sustain damages in an amount to be proven at the time of trial.

37. Due to the nature of Defendants', and each of their, intentional actions and/or inactions, Smolinski is entitled to punitive damages in an amount to deter Defendants, and each

Complaint for Damages

7

of them, from engaging in such willful, malicious, outrageous and indecent behavior in the future.

WHEREFORE, Smolinski prays for judgment as set forth below.

### COUNT VI - NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE AS AGAINST ALL DEFENDANTS

38. Smolinski incorporates paragraphs 1 through 37 of this Complaint as though set forth in full herein.

39. Smolinski is, and has been, an employee of the Department since 1997. During his time there, Smolinski has applied for positions which he had a high probability of obtaining. He has received multiple commendations during his employment. Smolinski has also received top scores during the promotional interview processes he has participated in.

40. Defendants, and each of them, knew of the economic relationship of Smolinski with regard to his employment by the Department and what benefits he would receive if he was promoted within the Department.

41. Due to the wrongful conduct of Defendants, and each of them, as set forth above, Smolinski was denied promotions for which he was qualified and able to perform. As a result, Smolinski has lost the benefits he would have received had he been promoted.

42. Defendants, and each of them, acted negligently and unlawfully in interfering with Smolinski's promotion opportunity, to Smolinski's detriment.

43. As a direct and proximate result of Defendants', and each of their actions and/or inactions, Smolinski has, and continues to sustain damages in an amount to be proven at the time of trial.

### COUNT VII - DISCRIMINATION UNDER THE UNRUH ACT AS AGAINST CITY AND DEPARTMENT

44. Smolinski incorporates paragraphs 1 through 43 of this Complaint as though set forth in full herein.

Complaint for Damages

8

45. Smolinski was, and continues to be, discriminated against by the Department, based upon his sexual orientation. Smolinski notified the Department and City of the events set forth herein related to this claim.

46. Smolinski was, and is, part of a protected class in that he is a white, male, homosexual.

47. As an employer, the City and Department had an obligation generally and under Federal and State regulations to provide him a safe working environment, free from harassment, discrimination, and retaliation.

48. Defendants City and Department, and each of them, breached their duties by failing to address, rectify and remedy the discriminatory and retaliatory acts, and sexual orientation discrimination from Smolinski's supervisors and co-workers, other Department employees, as well as appointed and elected officials of the City, and from breaching their ministerial duties conferred upon them under the law.

49. Smolinski has sustained damages as a result of Defendants' actions.

WHEREFORE, Smolinski prays for judgment as hereinafter set forth below.

## COUNT VIII – SEXUAL ORIENTATION DISCRIMINATION AS AGAINST THE CITY AND THE DEPARTMENT

50. Smolinski incorporates paragraphs 1 through 49 of this Complaint as though set forth in full herein.

51. Smolinski was and is a part of a protected class in that he is a white, male homosexual.

52. Smolinski has undergone depression and anxiety resulting from the discrimination and harassment based on his sexual orientation and retaliation for his role as a witness in a federal court proceeding against the City and others by a bisexual co-worker. Smolinski has been denied promotions and career development opportunities as a result of abovementioned arbitrary and unreasonable discriminatory actions by supervisors, managers, elected officials, and other unknown parties employed by or serving at the direction of City. Smolinski has suffered monetary damages to be shown at time of trial.

Complaint for Damages

9

53. At all times herein mentioned, Defendants City and Department, and each of them knew of the need for employment regulations and anti-discriminatory laws, was aware of the existing policies relating to discriminatory actions while under supervision of Defendants, and knew that there was a prevailing anti-gay culture existing in the Department.

54. Defendants City and Department, and each of them, acted intentionally, wrongfully, and unlawfully in violation of the law in that Smolinski has been, and continues to be discriminated against due to his status as a white, male homosexual.

55. Smolinski has filed a charge of discrimination with the DFEH and the EEOC, exhausted all required administrative remedies, and has obtained a right to sue letter.

WHEREFORE, Smolinski prays for judgment as set forth below.

**COUNT IX – EMPLOYERS' BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
AS AGAINST THE CITY AND THE DEPARTMENT**

56. Smolinski incorporates paragraphs 1 through 55 of this Complaint as though set forth in full herein.

57. Smolinski has been, and is, an employee of the Department since 1997. During his time there, Smolinski has applied for positions which he had a high probability of obtaining. He has received multiple commendations during his time there. Smolinski has also received top scores during the promotional interview processes he has participated in.

58. Defendants City and Department are signatories to the employment contract with the labor union representing the sworn employees, to which group Smolinski is a member and former union board member.

59. Due to the wrongful conduct of Defendants City and Department, and each of them, in intentionally interfering with his right to be treated fairly, equally, and the same as other similarly situated employees, Smolinski was denied promotions for which he was qualified and able to perform because of the blatant discrimination and retaliation.

59. At all times herein mentioned, Defendants City and Department, and each of them, were employers that had a duty to Smolinski to prevent him from being subjected to the

Complaint for Damages

discriminatory, hostile, and retaliatory environment while on the job pursuant to the terms of the contract.

60. In breaching their duties toward Smolinski, Defendants City and Department, and each of them, acted intentionally, wrongfully, and unlawfully in conscious failure to address, rectify, and remedy the retaliatory acts and sexual orientation discrimination from his supervisors and co-workers, the Department's employees, as well as appointed and elected officials of the City.

61. Smolinski has sustained damages as a result of Defendants' actions.

## COUNT X – NEGLIGENT SUPERVISION AND TRAINING AS AGAINST ALL DEFENDANTS

62. Smolinski incorporates paragraphs 1 through 61 of this Complaint as though set forth in full herein.

63. Smolinski is informed and believes, and thereon alleges that in doing the acts as heretofore alleged Defendants, and each of them knew, or in the exercise of reasonable diligence should have known, that Miller was retaliating against Smolinski based on the aforementioned facts.

64. Smolinski is informed and believes, and thereon alleges that in doing the acts as heretofore alleged Defendants, and each of them knew, or in the exercise of reasonable diligence should have known, that Smolinski was being discriminated against by the employees and agents of Defendants based on the aforementioned facts.

64. Notwithstanding the knowledge that Miller was engaged in this retaliation and that Smolinski was being discriminated against based on his sexual orientation Defendants City, Department, and Engles did not adequately supervise and oversee Miller in the performance of his duties as Council person and during the period of his appointment as Chief of Police, and furthermore did not adequately supervise and oversee their employees and agents in the performance of their duties. Had this supervision and oversight occurred Smolinski would not have suffered damages.

Complaint for Damages

11

64.    Despite this knowledge, Defendant City, Department, and Engles allowed the above acts to occur in conscious disregard for the rights of Smolinski creating a pattern of conduct and practice of retaliation, and discrimination based on sexual orientation, that was pervasive throughout the Department and City. As a result of this conscious disregard for Smolinski's rights, an award of punitive damages as against City and Department is warranted.

WHEREFORE, Smolinski prays for judgment as set forth below.

### PRAYER

A.    For compensatory damages according to proof;

B.    For general damages according to proof;

C.    For exemplary and punitive damages according to proof;

D.    For the $25,000 Statutory Penalty pursuant to Cal. Civ. Code § 52;

E.    For treble damages pursuant to Cal. Civ. Code § 52;

F.    For attorneys' fees and costs of suit herein as allowed by statute 42 USC 1988 and applicable state statutes;

G.    For interest to the extent allowable by law; and

H.    For such further relief as the Court may deem proper.

Dated: April 3, 2008

HOGAN, HOLMES & USOZ, LLP

_____
STEPHEN J. USOZ
LESLIE HOLMES
Attorneys for Plaintiff

Complaint for Damages

12

STATE OF CALIFORNIA – State and Consumer Services Agency  ARNOLD SCHWARZENEGGER, Governor

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
(SEE ADDRESS CHECKED BELOW)



TTY # (800) 700-2320

☐ H  1001 Tower Way, Suite 250
Bakersfield, CA 93309
(661) 395-2729

☐ C  1320 E. Shaw Avenue, Suite 150
Fresno, CA 93710
(559) 244-4760

☐ R/S/T  611 West Sixth Street, Suite 1500
Los Angeles, CA 90017
(213) 439-6799

☐ M  1515 Clay Street, Suite 701
Oakland, CA 94612
(510) 622-2941

☐ E  2000 "O" Street, Suite 120
Sacramento, CA 95814
(916) 445-5523

☐ D  1350 Front Street, Suite 3005
San Diego, CA 92101
(619) 645-2681

☐ A  San Francisco District Office
1515 Clay Street, Suite 701
Oakland, CA 94612
(510) 622-2973

☒ G  2570 North First Street, Suite 480
San Jose, CA 95131
(408) 325-0344

☐ K  2101 East Fourth Street, Suite 255-B
Santa Ana, CA 92705
(714) 558-4266

EEOC Charge No.: 556-2007-00829
Case Name: Darrin Smolinski
vs. City of Pacific Grove
Date: August 24, 2007

### NOTICE TO COMPLAINANT AND RESPONDENT

This is to advise you that the above-referenced complaint is being referred to the California Department of Fair Employment and Housing (DFEH) by the U.S. Equal Employment Opportunity Commission (EEOC). The complaint will be filed in accordance with California Government Code section 12960. This notice constitutes service pursuant to Government Code section 12962.

No response to the DFEH is required by the respondent.

The EEOC will be responsible for the processing of this complaint. DFEH will not be conducting an investigation into this matter. EEOC should be contacted directly for any discussion of the charge. DFEH is closing its case on the basis of "processing waived to another agency."

### NOTICE TO COMPLAINANT OF RIGHT-TO-SUE

Since DFEH will not be issuing an accusation, this letter is also your right-to-sue notice. According to Government Code section 12965, subdivision (b), you may bring a civil action under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The lawsuit may be filed in a State of California Superior or Justice Court. Government Code section 12965, subdivision (b), provides that such a civil action must be brought within one year from the date of this notice. Pursuant to Government Code section 12965, subdivision (d)(1), this one-year period will be tolled during the pendency of the EEOC's investigation of your complaint. You should consult an attorney to determine with accuracy the date by which a civil action must be filed. This right to file a civil action may be waived in the event a settlement agreement is signed. Questions about the right to file under federal law should be referred to the EEOC.

The DFEH does not retain case records beyond three years after a complaint is filed.

Remember: This Right-To-Sue Notice allows you to file a private lawsuit in State court.

Sincerely,

WANDA J. KIRBY
Chief Deputy Director

DFEH-200-02 (05/07)

John F. Purdom Jr.

From: David C. White
Sent: Thursday, May 24, 2007 11:49 AM
To: John F. Purdom Jr.
Subject: RE: AM I GAY?

This is good!

-----Original Message-----
From: John F. Purdom Jr.
Sent: Thursday, May 24, 2007 11:35 AM
To: David C. White
Cc: John F. Purdom Jr.
Subject: FW: AM I GAY?

-----Original Message-----
From: Dave [mailto:dpr3595@sbcglobal.net]
Sent: Tuesday, May 22, 2007 4:49 PM
To: The Whitehouse; Vikingfanz@aol.com; Doyle Stowe; Hans Smits; jshijo@yahoo.com; Jeanniebs@aol.com; saltyd3@yahoo.com; John F. Purdom Jr.; Karina Palmer; Michael Bainter; Mike Norman; Mom Palmer; Richard Stein; Richie Sinclair; Robert Carp; Seri Palmer; Sylvia Newton; Tom Bennett
Subject: FW: AM I GAY?

Now, before you accuse me of being homophobic, I received this email from a very good friend of mine, that happens to be lesbian. So take it in the spirit intended, as a JOKE.

TIME FOR YOUR ANNUAL "AM I GAY?" SELF EXAMINATION:

1. If you are over forty, and you have a washboard stomach, you are gay. It means you haven't sucked back enough beer with the boys and have spent the rest of your free time doing sit-ups, aerobics, and doing the Oprah diet.

2. If you have a cat, you are a Flaaaaming homo. A cat is like a dog,but gay -- it grooms itself constantly but never scratches itself, has a delicate touch except when it uses its nails, and whines to be fed. And just think about how you call a dog... "Killer, come here! I said get your ass over here, Killer!" Now think about how you call a cat..."Bun-bun, come to daddy, snookums!" Jeeezus, you're fit to be framed, you're so gay.

3. If you suck on lollipops, Ring-Pops, baby pacifiers, or any such nonsense, rest assured, you are a Gaylord. A straight man only sucks on bar-b-que ribs, crab claws, raw oysters, crawfish guts, pickled pigs feet, or tits. Anything else and you are in training and undeniably a fag.

8/29/2007

4. If you refuse to take a dump in a public bathroom or piss in a parking lot, you crave a deep homosexual relationship. A man's world is his bathroom; he defecates and urinates where he pleases.

5. If you drink anything other than regular coffee. A straight man will never be heard ordering a "Decaf Soy Latte". If you've put a Decaf Soy Latté to your lips, you've had a man there, too.

6. If you know more than six names of non standard colors or four different types of dessert other than ice cream and pie, you might as well be handing out free ass passes. A real man doesn't have memory space in his brain to remember all of that crap. If you can pick out chartreuse or you know what a "fressier" is you're gay. And if you can name ANY type of textile other than cotton or denim, you are faggadocious.

7. If you drive with both hands on the wheel, forget it, you're dying to tune a meat whistle. A man only puts both hands on the wheel to honk at a slow-ass driver or to cut the jerk off. The rest of the time he needs that hand to change the radio station, eat a hamburger, hold his beer.

AOL now offers free email to everyone. Find out more about what's free from AOL at

8/29/2007

%JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
DARRIN SMOLINSKI

**DEFENDANTS**
CITY OF PACIFIC GROVE; PACIFIC GROVE POLICE DEPARTMENT; SCOTT MILLER, DARIUS ENGLES

(b) County of Residence of First Listed Plaintiff   Monterey County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Monterey County
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
STEPHEN J. USOZ, ESQ., SBN 189095
HOGAN HOLMES & USOZ LLP
333 West Santa Clara Street, Suite 800
San Jose, California 95113

Attorneys (If Known)
C08 01809 RS

E-FILING
ADR

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| [ ] 110 Insurance | [ ] 310 Airplane | [ ] 362 Personal Injury— Med. Malpractice | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury — Product Liability | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | | | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | | | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 690 Other | | [ ] 490 Cable/Sat TV |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | [ ] 810 Selective Service |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 195 Contract Product Liability | | | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 196 Franchise | | | | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 790 Other Labor Litigation | | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [x] 442 Employment | **Habeas Corpus:** | [ ] 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | [ ] 894 Energy Allocation Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | | | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & Other | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | [ ] 550 Civil Rights | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 440 Other Civil Rights | [ ] 555 Prison Condition | [ ] 463 Habeas Corpus – Alien Detainee | | |
| | | | [ ] 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Section 1331, 42 U.S.C. Section 2000e, et seq.
Brief description of cause:
Retaliation for testimony in a Title VII lawsuit and sexual orientation discrimination and harassment in the workplace.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [ ] Yes [x] No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)
- [ ] SAN FRANCISCO/OAKLAND
- [x] SAN JOSE

DATE
April 3, 2008

SIGNATURE OF ATTORNEY OF RECORD