1  STEPHEN J. USOZ, ESQ., SBN 189095
   LESLIE HOLMES, ESQ., SBN 192608
2  YAMIN T. MAUNG, ESQ., SBN 253538
   HOGAN HOLMES & USOZ LLP
3  333 West Santa Clara Street, Suite 800
   San Jose, California  95113
4  Telephone (408) 292-7600
   susoz@hoganlaw.com
5
   Attorneys for Plaintiff Darrin Smolinski
6

7

8                    UNITED STATES DISTRICT COURT

9            FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                       SAN JOSE DIVISION

11

12  DARRIN SMOLINSKI, an individual        )   Case No:  C-08-01809
                                           )
13            Plaintiff,                    )
                                           )
14       v.                                 )   **AMENDED COMPLAINT FOR**
                                           )   **DAMAGES**
15  CITY OF PACIFIC GROVE, a public entity; )
    PACIFIC GROVE POLICE DEPARTMENT,       )
16  a public entity, SCOTT MILLER, an      )
    individual.                            )
17                                          )
              Defendants                    )
18                                          )
                                           )
19  _____)

20

21

22       Plaintiff DARRIN SMOLINSKI alleges as follows:

23                          **THE PARTIES**

24       1.      Plaintiff Darrin Smolinski ("Smolinski") is, and at all times herein mentioned

25  was, an individual residing in the County of Monterey, California.  Smolinski is, and has been,

26  employed as a police officer at the City of Pacific Grove Police Department (the "Department")

27  since June, 1997.  Smolinski is a white, homosexual male.  His sexual orientation is well known

28  to the City of Pacific Grove (the "City") and the employees and agents of same.

_____
Amended Complaint for Damages
                                   1

1      2.      Smolinski is informed and believes and on that basis alleges that the City is, and

2   at all times herein mentioned was, a public entity of the State of California, located within the

3   County of Monterey.

4      3.      Smolinski is informed and believes and on that basis alleges that the City of

5   Pacific Grove Police Department (the "Department") is, and at all times herein mentioned was, a

6   public entity acting under the auspices and governance of the City and located within the County

7   of Monterey.

8      4.      Smolinski is informed and believes and on that basis alleges that Scott Miller

9   ("Miller") is, and at all times herein mentioned was, an individual residing in the County of

10  Monterey.  Smolinski is further informed and believes and on that basis alleges that during the

11  employment times herein mentioned for Miller as COP of Department and council person of

12  City, Miller was acting within the course and scope of his employment as the Department Chief

13  and/or a Councilman of the City for that portion of the time period herein referenced.

14     5.      Smolinski is informed and believes and on that basis alleges that during the time

15  period between the employment of Miller by City and the subsequent election of Miller as a

16  representative on the council of City, Miller engaged in a campaign to discredit and prevent

17  Smolinski from further advancement in Department.

18     6.      At all times relevant, each of the Defendants was the agent and employee of each

19  of the remaining Defendants, and in doing the things hereinabove and below alleged, was acting

20  within the course and scope of said Department and City.  At all times relevant, each of the

21  Defendants authorized, ratified, and adopted the conduct hereinabove and below alleged of each

22  of the remaining Defendants.

23     7.      Smolinski was required to and did present a claim to the City and Department

24  pursuant to the applicable California Government Code Sections.  Smolinski also filed the

25  requisite Department of Fair Housing and Employment and Equal Employment Opportunity

26  Commission complaints with an ongoing investigation as of this date.  Smolinski has received a

27  Right to Sue Letter.  A true and correct copy of the Right to Sue Letter is attached hereto as

28  Exhibit A.

Amended Complaint for Damages

1

**VENUE AND JURISDICTION**

2      8.      This Court has jurisdiction pursuant to 28 U.S.C. Section 1331 and the State

3    pendent claims.  This Court is the proper venue as certain of the acts and/or omissions took place

4    in this District within the City of Pacific Grove, County of Monterey.

5

**FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**

6      9.      Over the years of Smolinski's employment, Defendants, and each of them, have

7    engaged in policies and practices that willfully, intentionally, and unlawfully discriminating

8    against Smolinski on the basis of his sexual orientation and in retaliation for the exercise of his

9    civil rights.  The discriminatory and retaliatory policies and practices includes, but are not

10   limited to, denying him promotions and/or assignments to the detective position, to sergeant or

11   commander within the Department, and were made in response to complaints made by Smolinski

12   relating to discriminatory practices of Defendants and testimony by Smolinski in Federal Court

13   on behalf of a bisexual co-worker.

14      10.     Smolinski's sexual orientation has been the subject of jokes and ridicule;

15   Department employees have made derogatory comments about their work related contacts with

16   gay, lesbian, bisexual, and transgender individuals; Smolinski has been told that there is

17   disapproval of his "lifestyle" within the Department; members of the Department have made

18   remarks relating to Smolinski's anatomy in relation to his sexual orientation; Smolinski's

19   personal life has been openly discussed by the Department, including the disclosure to two

20   personnel shifts, of the issuance of an arrest warrant for Smolinski's former domestic partner;

21   use of the Department email system, in violation of the Department's policy, was utilized to

22   circulate information which utilized derogatory terms and statements relating to homosexual and

23   bisexual individuals, including one entitled "Am I Gay? Time For Your Annual 'Am I Gay? Self

24   Examination," a copy of which is attached hereto as Exhibit B.

25      11.     Smolinski has informed the Department and the City of the above-referenced

26   activities, communications and violations and that he was offended by such activities,

27   communications and violations.  During such time Defendant Miller was originally the Chief of

28

1 | Police (COP), and subsequently Darius Engles (Engles) became COP for a portion of the time
2 | referred to herein.

3 |       12.    Defendants, and each of them, knew or should have known of the foregoing
4 | events and the continuous harassment that is pervasive with the Department against homosexuals
5 | and have promulgated a hostile work environment for Smolinski in tacitly approving the actions
6 | and/or omissions to act as taken against Smolinski.

7 | <center>**COUNT I – RETALIATION UNDER FEHA**</center>

8 | <center>**California Government Code Section 12940,** *et seq.*</center>

9 | <center>**AS AGAINST CITY AND DEPARTMENT**</center>

10 |       13.    Smolinski incorporates paragraphs 1 through 12 of this Complaint as though set
11 | forth in full herein.

12 |       14.    Smolinski was, and is, a part of a protected class in that he exercised his civil
13 | rights to make complaints to the Department of Fair Housing and Employment ("DFEH") for
14 | what he believed to be unlawful discriminatory treatment and testifying in Federal Court
15 | proceedings.

16 |       15.    Smolinski is informed and believes and on that basis alleges that adverse
17 | employment actions have been taken against him by the Defendants, City and Department, as set
18 | forth herein in retaliation for Smolinski's exercising of his protected rights in his complaints of
19 | unlawful discriminatory treatment and retaliation against him in his employment and his
20 | testimony against Defendants in a Court proceeding brought by a bisexual co-worker as a Title
21 | VII claim.  These actions have created an intolerable hostile workplace environment in that the
22 | failure to act to protect Smolinski provided tacit approval for the continued pervasive pattern of
23 | conduct.

24 |       16.    Such actions are unlawful, discriminatory and retaliatory in violation of California
25 | Government Code Section 12940, *et seq.*

26 |       17.    Despite Defendants' actual knowledge of the above-mentioned retaliation, and the
27 | knowledge of its supervisors and agents, Defendants City and Department failed to take
28 | immediate and appropriate corrective action to stop the retaliation.  Furthermore, Defendants,

---

Amended Complaint for Damages
<center>4</center>

1    and each of them, have failed to take all reasonable steps to prevent such retaliation from re-

2    occurring.    As a direct and proximate result of the actions and/or inactions of Defendants, and

3    each of them, as set forth above, Smolinski has sustained damages, including attorneys' fees and

4    costs.

5            WHEREFORE, Smolinski prays for judgment as set forth below.

6            **COUNT II – RETALIATION UNDER 42 U.S.C. Section 2000e, *et seq.***

7                        **AS AGAINST ALL DEFENDANTS**

8            18.    Smolinski incorporates paragraphs 1 through 17 of this Complaint as though set

9    forth in full herein.

10           19.    Smolinski was, and is, a part of a protected class in that he exercised his civil

11   rights to make complaints to the Equal Employment Opportunity Commission ("EEOC") for

12   what he believed to be unlawful discriminatory treatment and testifying in Federal Court

13   proceedings.

14           20.    Smolinski is informed and believes and on that basis alleges that adverse

15   employment actions have been taken against him by the Defendants, and each of them, as set

16   forth herein in retaliation for Smolinski's exercising of his protected rights in his complaints of

17   unlawful discriminatory treatment and retaliation in his employment based on his testimony

18   against Defendants in a Court proceeding brought by a bisexual co-worker as a Title VII claim.

19   These actions have created an intolerable hostile workplace environment in that the failure to act

20   to protect Smolinski provided tacit approval for the continued pervasive pattern of conduct.

21           21.    Such actions are unlawful, discriminatory and retaliatory in violation of Title 42

22   of the United State Code, Section 2000e. *et seq.*

23           22.    Despite Defendants' actual knowledge of the above-mentioned retaliation, and the

24   knowledge of its supervisors and agents, Defendants City and Department failed to take

25   immediate and appropriate corrective action to stop the retaliation.    Furthermore, Defendants,

26   and each of them, have failed to take all reasonable steps to prevent such retaliation from re-

27   occurring.    As a direct and proximate result of the actions and/or inactions of Defendants, and

28   each of them, as set forth above, Smolinski has sustained damages, including attorneys' fees and

Amended Complaint for Damages

1  costs.

2      WHEREFORE, Smolinski prays for judgment as set forth below.

3                    **COUNT III - NEGLIGENCE**

4              **AS AGAINST ALL DEFENDANTS**

5      23.    Smolinski incorporates paragraphs 1 through 22 of this Complaint as though set

6  forth in full herein.

7      24.    Since Smolinski is an employee of the Department, Defendants, and each of them,

8  had a duty, generally and under Federal and State regulations to provide him a safe working

9  environment, free from harassment, discrimination, and retaliation.

10     25.    Defendants, and each of them, breached their duties by failing to address, rectify

11 and remedy the discriminatory and retaliatory acts, sexual harassment and sexual orientation

12 discrimination from Smolinski's supervisors and co-workers, other Department employees, as

13 well as appointed and elected officials of the City, and from breaching their ministerial duties

14 conferred upon them under the law.

15     26.    As a direct and proximate result of the actions and/or inactions of Defendants, and

16 each of them, Smolinski has, and continues to sustain damages, in an amount to be proven at the

17 time of trial.

18     WHEREFORE, Smolinski prays for judgment as set forth below.

19        **COUNT IV - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

20              **AS AGAINST ALL DEFENDANTS**

21     27.    Smolinski incorporates paragraphs 1 through 26 of this Complaint as though set

22 forth in full herein.

23     28.    During the period of Smolinski's employment, up to and including the present,

24 Defendants, and each of them, intentionally, willfully and with malicious disregard for the

25 probability that such actions and/or inactions would result in Smolinski sustaining damages to

26 his well being, including, but not limited to, severe emotional distress, engaged in unlawful,

27 discriminatory and retaliatory conduct.

28

29.     The conduct of Defendants, and each of them, was willful, malicious, outrageous and beyond the bounds of decency such that no reasonable person could be expected to endure it. Smolinski was, and continues to be, forced to endure humiliation and ridicule due to his sexual orientation, and retaliatory acts based on his role as a witness in a Federal Court proceeding on behalf of a bisexual co-worker.

30.     As a direct and proximate result of the intentional actions and/or inactions of Defendants, and each of them, Smolinski has, and continues to sustain damages, in an amount to be proven at the time of trial.

31.     Due to the nature of Defendants', and each of their, intentional actions and/or inactions, Smolinski is entitled to punitive damages in an amount to deter Defendants, and each of them, from engaging in such willful, malicious, outrageous and indecent behavior in the future.

WHEREFORE, Smolinski prays for judgment as set forth below.

## COUNT V - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### AS AGAINST ALL DEFENDANTS

32.     Smolinski incorporates paragraphs 1 through 31 of this Complaint as though set forth in full herein.

33.     During the period of Smolinski's employment, up to and including the present, Defendants, and each of them, negligently and with reckless disregard for the probability that such actions and/or inactions would result in Smolinski sustaining damages to his well being, including, but not limited to, severe emotional distress, engaged in unlawful, discriminatory and retaliatory conduct.

34.     The conduct of Defendants, and each of them, was negligent in that no reasonable person could be expected to endure it.  Smolinski was, and continues to be, forced to endure humiliation and ridicule due to his sexual orientation, and retaliatory acts based on his role as a witness in a Federal Court proceeding on behalf of a bisexual co-worker.

35.     As a direct and proximate result of the intentional actions and/or inactions of Defendants, and each of them, Smolinski has, and continues to sustain damages, in an amount to

1  be proven at the time of trial.

2      WHEREFORE, Smolinski prays for judgment as set forth below.

3          **COUNT VI - INTENTIONAL INTERFERENCE WITH**

4              **PROSPECTIVE ECONOMIC ADVANTAGE**

5                  **AS AGAINST MILLER**

6      36.    Smolinski incorporates paragraphs 1 through 35 of this Complaint as though set

7  forth in full herein.

8      37.    Smolinski is, and has been, an employee of the Department since 1997.  During

9  his time there, Smolinski has applied for positions for which he had a high probability of

10 obtaining.  He has received multiple commendations during his employment and high ratings for

11 his abilities and leadership.  Smolinski has also received top scores for the promotional interview

12 processes he has participated in.

13     38.    Defendants, and each of them, knew of the economic relationship of Smolinski

14 with regard to his employment by the Department, and what benefits he would receive if he was

15 promoted within the Department.

16     39.    Defendants, and each of them, acted intentionally, wrongfully and unlawfully in

17 interfering with Smolinski's promotional opportunities, to Smolinski's detriment.

18     40.    Due to the wrongful conduct of Defendants, and each of them, as set forth above,

19 Smolinski was denied promotions for which he was qualified and able to perform.  As a result,

20 Smolinski has lost the benefits he would have received had he been promoted.

21     41.    During the intervening time period of not being employed by City, Miller acted

22 negligently and unlawfully interfering with Smolinski's promotional opportunities, to

23 Smolinski's detriment

24     42.    As a direct and proximate result of Defendants', and each of their actions and/or

25 inactions, Smolinski has suffered, and continues to sustain damages in an amount to be proven at

26 the time of trial.

27     43.    Due to the nature of Defendants', and each of their, intentional actions and/or

28 inactions, Smolinski is entitled to punitive damages in an amount to deter Defendants, and each

Amended Complaint for Damages

8

1    of them, from engaging in such willful, malicious, outrageous and indecent behavior in the

2    future.

3           WHEREFORE, Smolinski prays for judgment as set forth below.

4                        **COUNT VII - NEGLIGENT INTERFERENCE WITH**

5                            **PROSPECTIVE ECONOMIC ADVANTAGE**

6                                     **AS AGAINST MILLER**

7           44.    Smolinski incorporates paragraphs 1 through 43 of this Complaint as though set

8    forth in full herein.

9           45.    Smolinski is, and has been, an employee of the Department since 1997. During

10   his time there, Smolinski has applied for positions which he had a high probability of obtaining.

11   He has received multiple commendations during his employment. Smolinski has also received

12   top scores during the promotional interview processes he has participated in.

13          46.    Defendants, and each of them, knew of the economic relationship of Smolinski

14   with regard to his employment by the Department and what benefits he would receive if he was

15   promoted within the Department.

16          47.    Due to the wrongful conduct of Defendants, and each of them, as set forth above,

17   Smolinski was denied promotions for which he was qualified and able to perform. As a result,

18   Smolinski has lost the benefits he would have received had he been promoted.

19          48.    Defendants, and each of them, acted negligently and unlawfully in interfering

20   with Smolinski's promotion opportunity, to Smolinski's detriment.

21          49.    During the intervening time period of not being employed by City, Miller acted

22   negligently and unlawfully interfering with Smolinski's promotional opportunities, to

23   Smolinski's detriment.

24          50.    As a direct and proximate result of Defendants', and each of their actions and/or

25   inactions, Smolinski has, and continues to sustain damages in an amount to be proven at the time

26   of trial.

27   /////

28   /////

_____

Amended Complaint for Damages

9

**COUNT VIII - DISCRIMINATION UNDER CALIFORNIA**

**CIVIL CODE §§ 51.7 AND 52.1**

**AS AGAINST CITY AND DEPARTMENT**

51.     Smolinski incorporates paragraphs 1 through 50 of this Complaint as though set forth in full herein.

52.     Smolinski was, and continues to be, discriminated against by the Department, based upon his sexual orientation.  Smolinski notified the Department and City of the events set forth herein related to this claim.

53.     Smolinski was, and is, part of a protected class in that he is a white, male, homosexual.

54.     As an employer, the City and Department had an obligation generally and under Federal and State regulations to provide him a safe working environment, free from harassment, discrimination, and retaliation.

55.     Defendants City and Department, and each of them, breached their duties by failing to address, rectify and remedy the discriminatory and retaliatory acts, and sexual orientation discrimination from Smolinski's supervisors and co-workers, other Department employees, as well as appointed and elected officials of the City, and from breaching their ministerial duties conferred upon them under the law.

56.     Smolinski has sustained damages as a result of Defendants' actions.

WHEREFORE, Smolinski prays for judgment as hereinafter set forth below.

**COUNT IX – SEXUAL ORIENTATION DISCRIMINATION UNDER CALIFORNIA**

**GOVERNMENT CODE SECTION 12940, *et seq*.**

**AS AGAINST THE CITY AND THE DEPARTMENT**

57.     Smolinski incorporates paragraphs 1 through 55 of this Complaint as though set forth in full herein.

58.     Smolinski was and is a part of a protected class in that he is a white, male, homosexual.

1    59.    Smolinski has undergone depression and anxiety resulting from the discrimination

2    and harassment based on his sexual orientation and retaliation for his role as a witness in a

3    federal court proceeding against the City and others by a bisexual co-worker.  Smolinski has

4    been denied promotions and career development opportunities as a result of abovementioned

5    arbitrary and unreasonable discriminatory actions by supervisors, managers, elected officials,

6    and other unknown parties employed by or serving at the direction of City.  Smolinski has

7    suffered monetary damages to be shown at time of trial.

8    60.    At all times herein mentioned, Defendants City and Department, and each of them

9    knew of the need for employment regulations and anti-discriminatory laws, was aware of the

10    existing policies relating to discriminatory actions while under supervision of Defendants, and

11    knew that there was a prevailing anti-gay culture existing in the Department.

12    61.    Defendants City and Department, and each of them, acted intentionally,

13    wrongfully, and unlawfully in violation of the law in that Smolinski has been, and continues to

14    be discriminated against due to his status as a white, male homosexual.

15    62.    Smolinski has filed a charge of discrimination with the DFEH and the EEOC,

16    exhausted all required administrative remedies, and has obtained a right to sue letter.

17    WHEREFORE, Smolinski prays for judgment as set forth below.

18    **COUNT X – EMPLOYERS' BREACH OF IMPLIED COVENANT OF GOOD FAITH**

19    **AND FAIR DEALING**

20    **AS AGAINST THE CITY AND THE DEPARTMENT**

21    63.    Smolinski incorporates paragraphs 1 through 62 of this Complaint as though set

22    forth in full herein.

23    64.    Smolinski has been, and is, an employee of the Department since 1997.  During

24    his time there, Smolinski has applied for positions which he had a high probability of obtaining.

25    He has received multiple commendations during his time there.  Smolinski has also received top

26    scores during the promotional interview processes he has participated in.

27    65.    Defendants City and Department are signatories to the employment contract with

28    the labor union representing the sworn employees, to which group Smolinski is a member and

_____

Amended Complaint for Damages

1    former union board member.

2        66.    Due to the wrongful conduct of Defendants City and Department, and each of

3    them, in intentionally interfering with his right to be treated fairly, equally, and the same as other

4    similarly situated employees, Smolinski was denied promotions for which he was qualified and

5    able to perform because of the blatant discrimination and retaliation.

6        67.    At all times herein mentioned, Defendants City and Department, and each of

7    them, were employers that had a duty to Smolinski to prevent him from being subjected to the

8    discriminatory, hostile, and retaliatory environment while on the job pursuant to the terms of the

9    contract.

10       68.    In breaching their duties toward Smolinski, Defendants City and Department, and

11   each of them, acted intentionally, wrongfully, and unlawfully in conscious failure to address,

12   rectify, and remedy the retaliatory acts and sexual orientation discrimination from his supervisors

13   and co-workers, the Department's employees, as well as appointed and elected officials of the

14   City.

15       69.    Smolinski has sustained damages as a result of Defendants' actions.

16       WHEREFORE, Smolinski prays for judgment as set forth below.

17   **COUNT XI – NEGLIGENT SUPERVISION AND TRAINING**

18   **AS AGAINST ALL DEFENDANTS**

19       70.    Smolinski incorporates paragraphs 1 through 69 of this Complaint as though set

20   forth in full herein.

21       71.    Smolinski is informed and believes, and thereon alleges that in doing the acts as

22   heretofore alleged Defendants, and each of them knew, or in the exercise of reasonable diligence

23   should have known, that Miller was retaliating against Smolinski based on the aforementioned

24   facts.

25       72.    Smolinski is informed and believes, and thereon alleges that in doing the acts as

26   heretofore alleged Defendants, and each of them knew, or in the exercise of reasonable diligence

27   should have known, that Smolinski was being discriminated against by the employees and agents

28   of Defendants based on the aforementioned facts.

1    73.    Notwithstanding the knowledge that Miller was engaged in this retaliation and

2    that Smolinski was being discriminated against based on his sexual orientation Defendants City,

3    Department, and Engles did not adequately supervise and oversee Miller in the performance of

4    his duties as Council person and during the period of his appointment as Chief of Police, and

5    furthermore did not adequately supervise and oversee their employees and agents in the

6    performance of their duties.  Had this supervision and oversight occurred Smolinski would not

7    have suffered damages.

8    74.    Despite this knowledge, Defendant City and Department allowed the above acts

9    to occur in conscious disregard for the rights of Smolinski creating a pattern of conduct and

10    practice of retaliation, and discrimination based on sexual orientation, that was pervasive

11    throughout the Department and City.  As a result of this conscious disregard for Smolinski's

12    rights, an award of punitive damages as against City and Department is warranted.

13    WHEREFORE, Smolinski prays for judgment as set forth below.

14    **PRAYER**

15    A.    For compensatory damages according to proof;

16    B.    For general damages according to proof;

17    C.    For exemplary and punitive damages according to proof;

18    D.    For the $25,000 Statutory Penalty pursuant to Cal. Civ. Code § 52;

19    E.    For treble damages pursuant to Cal. Civ. Code § 52;

20    F.    For attorneys' fees and costs of suit herein as allowed by statute 42 USC 1988

21          and applicable state statutes;

22    G.    For interest to the extent allowable by law; and

23    H.    For such further relief as the Court may deem proper.

24

25    Dated:  May 29, 2008                    HOGAN, HOLMES & USOZ, LLP

26

27                                            _s/_____
                                              STEPHEN J. USOZ
28                                            LESLIE HOLMES
                                              Attorneys for Plaintiff

Amended Complaint for Damages

CALIFORNIA – State and Consumer Services Agency                                                    ARNOLD SCHWARZENEGGER, Governor

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
(SEE ADDRESS CHECKED BELOW)



TTY # (800) 700-2320

☐ H    1001 Tower Way, Suite 250
       Bakersfield, CA 93309
       (661) 395-2729

☐ C    1320 E. Shaw Avenue, Suite 150
       Fresno, CA 93710
       (559) 244-4760

☐ R/S/T  611 West Sixth Street, Suite 1500
         Los Angeles, CA 90017
         (213) 439-6799

☐ M    1515 Clay Street, Suite 701
       Oakland, CA 94612
       (510) 622-2941

☐ E    2000 "O" Street, Suite 120
       Sacramento, CA 95814
       (916) 445-5523

☐ D    1350 Front Street, Suite 3005
       San Diego, CA 92101
       (619) 645-2681

☐ A    San Francisco District Office
       1515 Clay Street, Suite 701
       Oakland, CA 94612
       (510) 622-2873

☒ G    2570 North First Street, Suite 480
       San Jose, CA 95131
       (408) 325-0344

☐ K    2101 East Fourth Street, Suite 255-B
       Santa Ana, CA 92705
       (714) 558-4266

EEOC Charge No.: 556-2007-00829
Case Name: Darrin Smolinski
            vs. City of Pacific Grove
Date: August 24, 2007

## NOTICE TO COMPLAINANT AND RESPONDENT

This is to advise you that the above-referenced complaint is being referred to the California Department of Fair Employment and Housing (DFEH) by the U.S. Equal Employment Opportunity Commission (EEOC). The complaint will be filed in accordance with California Government Code section 12960. This notice constitutes service pursuant to Government Code section 12962.

**No response to the DFEH is required by the respondent.**

The EEOC will be responsible for the processing of this complaint. DFEH will not be conducting an investigation into this matter. EEOC should be contacted directly for any discussion of the charge. DFEH is closing its case on the basis of "processing waived to another agency."

## NOTICE TO COMPLAINANT OF RIGHT-TO-SUE

Since DFEH will not be issuing an accusation, this letter is also your right-to-sue notice. According to Government Code section 12965, subdivision (b), you may bring a civil action under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The lawsuit may be filed in a State of California Superior or Justice Court. Government Code section 12965, subdivision (b), provides that such a civil action must be brought within one year from the date of this notice. Pursuant to Government Code section 12965, subdivision (d)(1), this one-year period will be tolled during the pendency of the EEOC's investigation of your complaint. You should consult an attorney to determine with accuracy the date by which a civil action must be filed. This right to file a civil action may be waived in the event a settlement agreement is signed. Questions about the right to file under federal law should be referred to the EEOC.

The DFEH does not retain case records beyond three years after a complaint is filed.

Remember: This Right-To-Sue Notice allows you to file a private lawsuit in State court.

Sincerely,

WANDA J. KIRBY
Chief Deputy Director

DFEH-200-02 (05/07)

8/29/2007

**John F. Purdom Jr.**

**From:** David C. White
**Sent:** Thursday, May 24, 2007 11:49 AM
**To:** John F. Purdom Jr.
**Subject:** RE: AM I GAY?

This is good!

-----Original Message-----
**From:** John F. Purdom Jr.
**Sent:** Thursday, May 24, 2007 11:35 AM
**To:** David C. White
**Cc:** John F. Purdom Jr.
**Subject:** FW: AM I GAY?

-----Original Message-----
**From:** Dave [mailto:dpr5595@sbcglobal.net]
**Sent:** Tuesday, May 22, 2007 4:49 PM
**To:** The Whitehouse; Vikingfanz@aol.com; Doyle Stowe; Hans Smits; jshjo@yahoo.com; Jeaniebs@aol.com; salty43@yahoo.com; John F. Purdom Jr.; Karina Palmer; Michael Bainter; Mike Norman; Mom Palmer; Richard Stein; Richie Sinclair; Robert Carp; Seri Palmer; Sylvia Newton; Tom Bennett
**Subject:** FW: AM I GAY?

Now, before you accuse me of being homophobic, I received this email from a very good friend of mine, that happens to be lesbian. So take it in the spirit intended, as a JOKE.

TIME FOR YOUR ANNUAL "AM I GAY?" SELF EXAMINATION:

1. If you are over forty, and you have a washboard stomach, you are gay. It means you haven't sucked back enough beer with the boys and have spent the rest of your free time doing sit-ups, aerobics, and doing the Oprah diet.

2. If you have a cat, you are a Flaaaaming homo. A cat is like a dog, but gay — it grooms itself constantly but never scratches itself, has a delicate touch except when it uses its nails, and whines to be fed. And just think about how you call a dog... "Killer, come here! I said get your ass over here, Killer!" Now think about how you call a cat..."Bun-bun, come to daddy, snookums!" Jeeezus, you're fit to be framed, you're so gay.

3. If you suck on lollipops, Ring-Pops, baby pacifiers, or any such nonsense, rest assured, you are a Gaylord. A straight man only sucks on bar-b-que ribs, crab claws, raw oysters, crawfish guts, pickled pigs feet, or tits. Anything else and you are in training and undeniably a fag.

FROM ID. SMOLINSKI    FAX NO. :18313756426    :p. 10 2006 05:09PM P2

8/29/2007

4. If you refuse to take a dump in a public bathroom or piss in a parking lot, you crave a deep homosexual relationship. A man's world is his bathroom; he defecates and urinates where he pleases.

5. If you drink anything other than regular coffee. A straight man will never be heard ordering a "Decaf Soy Latte". If you've put a Decaf Soy Latte to your lips, you've had a man there, too.

6. If you know more than six names of non standard colors or four different types of dessert other than ice cream and pie, you might as well be handing out free ass passes. A real man doesn't have memory space in his brain to remember all of that crap. If you can pick out chartreuse or you know what a "fressier" is you're gay. And if you can name ANY type of textile other than cotton or denim, you are faggadocious.

7. If you drive with both hands on the wheel, forget it, you're dying to tune a meat whistle. A man only puts both hands on the wheel to honk at a slow-ass driver or to cut the jerk off. The rest of the time he needs that hand to change the radio station, eat a hamburger, hold his beer.

AOL now offers free email to everyone. Find out more about what's free from AOL at

FROM :D. SMOLINSKI          FAX NO. :18313756426          ·p. 10 2006 05:14PM P1