1  STEPHEN J. USOZ, ESQ., SBN 189095
   LESLIE HOLMES, ESQ., SBN 192608
2  HOGAN HOLMES & USOZ LLP
   333 West Santa Clara Street, Suite 800
3  San Jose, California 95113
   Telephone (408) 292-7600
4  susoz@hoganlaw.com

5  Attorneys for Plaintiff Darrin Smolinski

6

7

8              UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                 SAN JOSE DIVISION

11

12  DARRIN SMOLINSKI, an individual      )  Case No:  C-08-01809
                                         )
13              Plaintiff,               )
                                         )
                                         )  **SECOND AMENDED COMPLAINT FOR**
14      v.                               )  **DAMAGES**
                                         )
15  CITY OF PACIFIC GROVE, a public entity; )
    PACIFIC GROVE POLICE DEPARTMENT,    )
16  a public entity, SCOTT MILLER, an    )
    individual.                          )
17                                       )
                Defendants               )
18                                       )
                                         )
19  _____ )

20

21      Plaintiff DARRIN SMOLINSKI alleges as follows:

22                      **THE PARTIES**

23      1.      Plaintiff Darrin Smolinski ("Smolinski") is, and at all times herein mentioned

24  was, an individual residing in the County of Monterey, California.  Smolinski is, and has been,

25  employed as a police officer at the City of Pacific Grove Police Department (the "Department")

26  since June, 1997. Smolinski is a white, homosexual male. His sexual orientation is well known

27  to the City of Pacific Grove (the "City") and the employees and agents of same.

28

---

Second Amended Complaint for Damages                    Case No. C08-01809 RMW

1    2.    Smolinski is informed and believes and on that basis alleges that the City is, and

2    at all times herein mentioned was, a public entity of the State of California, located within the

3    County of Monterey.

4    3.    Smolinski is informed and believes and on that basis alleges that the City of

5    Pacific Grove Police Department (the "Department") is, and at all times herein mentioned was, a

6    public entity acting under the auspices and governance of the City and located within the County

7    of Monterey.

8    4.    Smolinski is informed and believes and on that basis alleges that Scott Miller

9    ("Miller") is, and at all times herein mentioned was, an individual residing in the County of

10   Monterey.  Smolinski is further informed and believes and on that basis alleges that during the

11   employment times herein mentioned for Miller as Chief of Police of Department and council

12   person of City, Miller was acting within the course and scope of his employment as the

13   Department Chief and/or a Councilman of the City for that portion of the time period herein

14   referenced.

15   5.    Smolinski is informed and believes and on that basis alleges that during the time

16   period between the employment of Miller by City and the subsequent election of Miller as a

17   representative on the council of City, Miller engaged in a campaign to discredit and prevent

18   Smolinski from further advancement in Department.

19   6.    At all times relevant, each of the Defendants was the agent and employee of each

20   of the remaining Defendants, and in doing the things hereinabove and below alleged, was acting

21   within the course and scope of said Department and City.  At all times relevant, each of the

22   Defendants authorized, ratified, and adopted the conduct hereinabove and below alleged of each

23   of the remaining Defendants.

24   7.    Smolinski was required to and did present a claim to the City and Department

25   pursuant to the applicable California Government Code Sections.  Smolinski also filed the

26   requisite Department of Fair Housing and Employment and Equal Employment Opportunity

27   Commission complaints with an ongoing investigation as of this date.  Smolinski has received a

28

---

Second Amended Complaint for Damages                                    Case No. C08-01809 RMW

1    Right to Sue Letter.  A true and correct copy of the Right to Sue Letter is attached hereto as
2    Exhibit A.

3    <center>**VENUE AND JURISDICTION**</center>

4         8.    This Court has jurisdiction pursuant to 28 U.S.C. Section 1331 and the State
5    pendent claims. This Court is the proper venue as certain of the acts and/or omissions took place
6    in this District within the City of Pacific Grove, County of Monterey.

7    <center>**FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**</center>

8         9.    Over the years of Smolinski's employment, Defendants, and each of them, have
9    engaged in policies and practices that willfully, intentionally, and unlawfully discriminated
10   against Smolinski on the basis of his sexual orientation and in retaliation for the exercise of his
11   civil rights.  The discriminatory and retaliatory policies and practices includes, but are not
12   limited to, denying him promotions and/or assignments to the detective position, to sergeant or
13   commander within the Department, and were made in response to complaints made by Smolinski
14   relating to discriminatory practices of Defendants and testimony by Smolinski in Federal Court
15   on behalf of a bisexual co-worker.

16        10.   Smolinski's sexual orientation has been the subject of jokes and ridicule;
17   Department employees have made derogatory comments about their work related contacts with
18   gay, lesbian, bisexual, and transgender individuals; Smolinski has been told that there is
19   disapproval of his "lifestyle" within the Department; members of the Department have made
20   remarks relating to Smolinski's anatomy in relation to his sexual orientation; Smolinski's
21   personal life has been openly discussed by the Department, including the disclosure to two
22   personnel shifts, of the issuance of an arrest warrant for Smolinski's former domestic partner;
23   use of the Department email system, in violation of the Department's policy, was utilized to
24   circulate information which utilized derogatory terms and statements relating to homosexual and
25   bisexual individuals, including one entitled "Am I Gay? Time For Your Annual 'Am I Gay? Self
26   Examination," a copy of which is attached hereto as Exhibit B.

27

28

1    11.    Between 2005 and 2007, Smolinski received over 20 postcards at the Department

2 accusing him of being a pedophile, trading in child pornography, and being a member of

3 NAMBLA (Norther American Man/Boy Love Association), an organization that advocates

4 legalization of sexual relations between adult men and under-aged boys. These postcards were

5 traced to a person Smolinski had arrested for Drinking Under the Influence (DUI). There was

6 very little action taken by the Department to preserve the postcards and almost nothing was done

7 to protect Smolinski from the harassing effects at his workplace, as the messages were open and

8 available for all Department office personnel to see. To make matters worse, the Chief of Police

9 threatened to begin formal investigations against Smolinski based on the accusations contained

10 in these postcards, the underlying threat being prosecution and arrest.

11    12.    Smolinski has informed the Department and the City of the above-referenced

12 activities, communications and violations and that he was offended by such activities,

13 communications and violations. During such time Defendant Miller was originally the Chief of

14 Police was replaced by Darius Engles.

15    13.    Defendants, and each of them, knew or should have known of the foregoing

16 events and the continuous harassment that is pervasive with the Department against homosexuals

17 and have promulgated a hostile work environment for Smolinski in tacitly approving the actions

18 and/or omissions to act as taken against Smolinski.

19                    **COUNT I – RETALIATION UNDER FEHA**

20                **California Government Code Section 12940, *et seq*.**

21                    **AS AGAINST CITY AND DEPARTMENT**

22    14.    Smolinski incorporates paragraphs 1 through 13 of this Complaint as though set

23 forth in full herein.

24    15.    Smolinski was, and is, a part of a protected class in that he exercised his civil

25 rights to make complaints to the Department of Fair Housing and Employment ("DFEH") for

26 what he believed to be unlawful discriminatory treatment and testifying in Federal Court

27 proceedings.

28

Second Amended Complaint for Damages                    Case No. C08-01809 RMW

4

16.    Smolinski is informed and believes and on that basis alleges that adverse employment actions have been taken against him by the Defendants, City and Department, as set forth herein in retaliation for Smolinski's exercising of his protected rights in his complaints of unlawful discriminatory treatment and retaliation against him in his employment and his testimony against Defendants in a Court proceeding brought by a bisexual co-worker as a Title VII claim.  These actions have created an intolerable hostile workplace environment in that the failure to act to protect Smolinski provided tacit approval for the continued pervasive pattern of conduct.

17.    Such actions are unlawful, discriminatory and retaliatory in violation of California Government Code Section 12940, *et seq.*

18.    Despite Defendants' actual knowledge of the above-mentioned retaliation, and the knowledge of its supervisors and agents, Defendants City and Department failed to take immediate and appropriate corrective action to stop the retaliation.  Furthermore, Defendants, and each of them, have failed to take all reasonable steps to prevent such retaliation from re-occurring.  As a direct and proximate result of the actions and/or inactions of Defendants, and each of them, as set forth above, Smolinski has sustained damages, including attorneys' fees and costs.

WHEREFORE, Smolinski prays for judgment as set forth below.

### COUNT II – RETALIATION UNDER 42 U.S.C. Section 2000e, *et seq.*
### AS AGAINST ALL DEFENDANTS

19.    Smolinski incorporates paragraphs 1 through 18 of this Complaint as though set forth in full herein.

20.    Smolinski was, and is, a part of a protected class in that he exercised his civil rights to make complaints to the Equal Employment Opportunity Commission ("EEOC") for what he believed to be unlawful discriminatory treatment and testifying in Federal Court proceedings.

---

Second Amended Complaint for Damages                                    Case No. C08-01809 RMW

21.    Smolinski is informed and believes and on that basis alleges that adverse employment actions have been taken against him by the Defendants, and each of them, as set forth herein in retaliation for Smolinski's exercising of his protected rights in his complaints of unlawful discriminatory treatment and retaliation in his employment based on his testimony against Defendants in a Court proceeding brought by a bisexual co-worker as a Title VII claim. These actions have created an intolerable hostile workplace environment in that the failure to act to protect Smolinski provided tacit approval for the continued pervasive pattern of conduct.

22.    Such actions are unlawful, discriminatory and retaliatory in violation of Title 42 of the United State Code, Section 2000e, *et seq.*

23.    Despite Defendants' actual knowledge of the above-mentioned retaliation, and the knowledge of its supervisors and agents, Defendants City and Department failed to take immediate and appropriate corrective action to stop the retaliation.   Furthermore, Defendants, and each of them, have failed to take all reasonable steps to prevent such retaliation from re-occurring.   As a direct and proximate result of the actions and/or inactions of Defendants, and each of them, as set forth above, Smolinski has sustained damages, including attorneys' fees and costs.

WHEREFORE, Smolinski prays for judgment as set forth below.

## COUNT III - NEGLIGENCE

### AS AGAINST ALL DEFENDANTS

24.    Smolinski incorporates paragraphs 1 through 23 of this Complaint as though set forth in full herein.

25.    Since Smolinski is an employee of the Department, Defendants, and each of them, had a duty, generally and under Federal and State regulations to provide him a safe working environment, free from harassment, discrimination, and retaliation.

26.    Defendants, and each of them, breached their duties by failing to address, rectify and remedy the discriminatory and retaliatory acts, sexual harassment and sexual orientation discrimination from Smolinski's supervisors and co-workers, other Department employees, as

Second Amended Complaint for Damages                                    Case No. C08-01809 RMW

1 | well as appointed and elected officials of the City, and from breaching their ministerial duties

2 | conferred upon them under the law.

3 |      27.    As a direct and proximate result of the actions and/or inactions of Defendants, and

4 | each of them, Smolinski has, and continues to sustain damages, in an amount to be proven at the

5 | time of trial.

6 |      WHEREFORE, Smolinski prays for judgment as set forth below.

7 | **COUNT IV - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

8 | **AS AGAINST ALL DEFENDANTS**

9 |      28.    Smolinski incorporates paragraphs 1 through 27 of this Complaint as though set

10 | forth in full herein.

11 |      29.    During the period of Smolinski's employment, up to and including the present,

12 | Defendants, and each of them, intentionally, willfully and with malicious disregard for the

13 | probability that such actions and/or inactions would result in Smolinski sustaining damages to

14 | his well being, including, but not limited to, severe emotional distress, engaged in unlawful,

15 | discriminatory and retaliatory conduct.

16 |      30.    The conduct of Defendants, and each of them, was willful, malicious, outrageous

17 | and beyond the bounds of decency such that no reasonable person could be expected to endure it.

18 | Smolinski was, and continues to be, forced to endure humiliation and ridicule due to his sexual

19 | orientation, and retaliatory acts based on his role as a witness in a Federal Court proceeding on

20 | behalf of a bisexual co-worker.

21 |      31.    As a direct and proximate result of the intentional actions and/or inactions of

22 | Defendants, and each of them, Smolinski has, and continues to sustain damages, in an amount to

23 | be proven at the time of trial.

24 |      32.    Due to the nature of Defendants', and each of their, intentional actions and/or

25 | inactions, Smolinski is entitled to punitive damages in an amount to deter Defendants, and each

26 | of them, from engaging in such willful, malicious, outrageous and indecent behavior in the

27 | future.

28 |

---

Second Amended Complaint for Damages                         Case No. C08-01809 RMW

1     WHEREFORE, Smolinski prays for judgment as set forth below.

2     **COUNT V - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

3     **AS AGAINST ALL DEFENDANTS**

4     33.     Smolinski incorporates paragraphs 1 through 32 of this Complaint as though set

5     forth in full herein.

6     34.     During the period of Smolinski's employment, up to and including the present,

7     Defendants, and each of them, negligently and with reckless disregard for the probability that

8     such actions and/or inactions would result in Smolinski sustaining damages to his well being,

9     including, but not limited to, severe emotional distress, engaged in unlawful, discriminatory and

10    retaliatory conduct.

11    35.     The conduct of Defendants, and each of them, was negligent in that no reasonable

12    person could be expected to endure it.  Smolinski was, and continues to be, forced to endure

13    humiliation and ridicule due to his sexual orientation, and retaliatory acts based on his role as a

14    witness in a Federal Court proceeding on behalf of a bisexual co-worker.

15    36.     As a direct and proximate result of the intentional actions and/or inactions of

16    Defendants, and each of them, Smolinski has, and continues to sustain damages, in an amount to

17    be proven at the time of trial.

18    WHEREFORE, Smolinski prays for judgment as set forth below.

19    **COUNT VI - INTENTIONAL INTERFERENCE WITH**

20    **PROSPECTIVE ECONOMIC ADVANTAGE**

21    **AS AGAINST MILLER**

22    37.     Smolinski incorporates paragraphs 1 through 36 of this Complaint as though set

23    forth in full herein.

24    38.     Smolinski is, and has been, an employee of the Department since 1997.  During

25    his time there, Smolinski has applied for positions for which he had a high probability of

26    obtaining.  He has received multiple commendations during his employment and high ratings for

27    his abilities and leadership.  Smolinski has also received top scores for the promotional interview

28

Second Amended Complaint for Damages                                    Case No. C08-01809 RMW

8

1   processes he has participated in.

2       39.     Defendants, and each of them, knew of the economic relationship of Smolinski

3   with regard to his employment by the Department, and what benefits he would receive if he was

4   promoted within the Department.

5       40.     Defendants, and each of them, acted intentionally, wrongfully and unlawfully in

6   interfering with Smolinski's promotional opportunities, to Smolinski's detriment.

7       41.     Due to the wrongful conduct of Defendants, and each of them, as set forth above,

8   Smolinski was denied promotions for which he was qualified and able to perform. As a result,

9   Smolinski has lost the benefits he would have received had he been promoted.

10      42.     During the intervening time period of not being employed by City, Miller acted

11  negligently and unlawfully interfering with Smolinski's promotional opportunities, to

12  Smolinski's detriment

13      43.     As a direct and proximate result of Defendants', and each of their actions and/or

14  inactions, Smolinski has suffered, and continues to sustain damages in an amount to be proven at

15  the time of trial.

16      44.     Due to the nature of Defendants', and each of their, intentional actions and/or

17  inactions, Smolinski is entitled to punitive damages in an amount to deter Defendants, and each

18  of them, from engaging in such willful, malicious, outrageous and indecent behavior in the

19  future.

20          WHEREFORE, Smolinski prays for judgment as set forth below.

21              **COUNT VII - NEGLIGENT INTERFERENCE WITH**

22              **PROSPECTIVE ECONOMIC ADVANTAGE**

23                      **AS AGAINST MILLER**

24      45.     Smolinski incorporates paragraphs 1 through 44 of this Complaint as though set

25  forth in full herein.

26      46.     Smolinski is, and has been, an employee of the Department since 1997. During

27  his time there, Smolinski has applied for positions which he had a high probability of obtaining.

28

Second Amended Complaint for Damages                              Case No. C08-01809 RMW

9

1    He has received multiple commendations during his employment. Smolinski has also received

2    top scores during the promotional interview processes he has participated in.

3    47.    Defendants, and each of them, knew of the economic relationship of Smolinski

4    with regard to his employment by the Department and what benefits he would receive if he was

5    promoted within the Department.

6    48.    Due to the wrongful conduct of Defendants, and each of them, as set forth above,

7    Smolinski was denied promotions for which he was qualified and able to perform. As a result,

8    Smolinski has lost the benefits he would have received had he been promoted.

9    49.    Defendants, and each of them, acted negligently and unlawfully in interfering

10    with Smolinski's promotion opportunity, to Smolinski's detriment.

11    50.    During the intervening time period of not being employed by City, Miller acted

12    negligently and unlawfully interfering with Smolinski's promotional opportunities, to

13    Smolinski's detriment.

14    51.    As a direct and proximate result of Defendants', and each of their actions and/or

15    inactions, Smolinski has, and continues to sustain damages in an amount to be proven at the time

16    of trial.

17    ## COUNT VIII - DISCRIMINATION UNDER CALIFORNIA

18    ## CIVIL CODE §§ 51.7 AND 52.1

19    ## AS AGAINST CITY AND DEPARTMENT

20    52.    Smolinski incorporates paragraphs 1 through 51 of this Complaint as though set

21    forth in full herein.

22    53.    Smolinski was, and continues to be, discriminated against by the Department,

23    based upon his sexual orientation. Smolinski notified the Department and City of the events set

24    forth herein related to this claim.

25    54.    Smolinski was, and is, part of a protected class in that he is a white, male,

26    homosexual.

27

28

Second Amended Complaint for Damages                    Case No. C08-01809 RMW

1    55.    As an employer, the City and Department had an obligation generally and under

2    Federal and State regulations to provide him a safe working environment, free from harassment,

3    discrimination, and retaliation.

4    56.    Defendants City and Department, and each of them, breached their duties by

5    failing to address, rectify and remedy the discriminatory and retaliatory acts, and sexual

6    orientation discrimination from Smolinski's supervisors and co-workers, other Department

7    employees, as well as appointed and elected officials of the City, and from breaching their

8    ministerial duties conferred upon them under the law.

9    57.    Smolinski has sustained damages as a result of Defendants' actions.

10    WHEREFORE, Smolinski prays for judgment as hereinafter set forth below.

11    **COUNT IX – SEXUAL ORIENTATION DISCRIMINATION UNDER CALIFORNIA**

12    **GOVERNMENT CODE SECTION 12940, *et seq*.**

13    **AS AGAINST THE CITY AND THE DEPARTMENT**

14    58.    Smolinski incorporates paragraphs 1 through 57 of this Complaint as though set

15    forth in full herein.

16    59.    Smolinski was and is a part of a protected class in that he is a white, male

17    homosexual.

18    60.    Smolinski has undergone depression and anxiety resulting from the discrimination

19    and harassment based on his sexual orientation and retaliation for his role as a witness in a

20    federal court proceeding against the City and others by a bisexual co-worker.  Smolinski has

21    been denied promotions and career development opportunities as a result of abovementioned

22    arbitrary and unreasonable discriminatory actions by supervisors, managers, elected officials,

23    and other unknown parties employed by or serving at the direction of City.  Smolinski has

24    suffered monetary damages to be shown at time of trial.

25    61.    At all times herein mentioned, Defendants City and Department, and each of them

26    knew of the need for employment regulations and anti-discriminatory laws, was aware of the

27

28

1    existing policies relating to discriminatory actions while under supervision of Defendants, and

2    knew that there was a prevailing anti-gay culture existing in the Department.

3        62.    Defendants City and Department, and each of them, acted intentionally,

4    wrongfully, and unlawfully in violation of the law in that Smolinski has been, and continues to

5    be discriminated against due to his status as a white, male homosexual.

6        63.    Smolinski has filed a charge of discrimination with the DFEH and the EEOC,

7    exhausted all required administrative remedies, and has obtained a right to sue letter.

8        WHEREFORE, Smolinski prays for judgment as set forth below.

9    **COUNT X – EMPLOYERS' BREACH OF IMPLIED COVENANT OF GOOD FAITH**

10                          **AND FAIR DEALING**

11              **AS AGAINST THE CITY AND THE DEPARTMENT**

12        64.    Smolinski incorporates paragraphs 1 through 63 of this Complaint as though set

13    forth in full herein.

14        65.    Smolinski has been, and is, an employee of the Department since 1997. During

15    his time there, Smolinski has applied for positions which he had a high probability of obtaining.

16    He has received multiple commendations during his time there. Smolinski has also received top

17    scores during the promotional interview processes he has participated in.

18        66.    Defendants City and Department are signatories to the employment contract with

19    the labor union representing the sworn employees, to which group Smolinski is a member and

20    former union board member.

21        67.    Due to the wrongful conduct of Defendants City and Department, and each of

22    them, in intentionally interfering with his right to be treated fairly, equally, and the same as other

23    similarly situated employees, Smolinski was denied promotions for which he was qualified and

24    able to perform because of the blatant discrimination and retaliation.

25        68.    At all times herein mentioned, Defendants City and Department, and each of

26    them, were employers that had a duty to Smolinski to prevent him from being subjected to the

27

28

Second Amended Complaint for Damages                    Case No. C08-01809 RMW

1  discriminatory, hostile, and retaliatory environment while on the job pursuant to the terms of the
2  contract.

3      69.    In breaching their duties toward Smolinski, Defendants City and Department, and
4  each of them, acted intentionally, wrongfully, and unlawfully in conscious failure to address,
5  rectify, and remedy the retaliatory acts and sexual orientation discrimination from his supervisors
6  and co-workers, the Department's employees, as well as appointed and elected officials of the
7  City.

8      70.    Smolinski has sustained damages as a result of Defendants' actions.
9      WHEREFORE, Smolinski prays for judgment as set forth below.

10

11          **COUNT XI – NEGLIGENT SUPERVISION AND TRAINING**
12               **AS AGAINST ALL DEFENDANTS**

13     71.    Smolinski incorporates paragraphs 1 through 70 of this Complaint as though set
14  forth in full herein.

15     72.    Smolinski is informed and believes, and thereon alleges that in doing the acts as
16  heretofore alleged Defendants, and each of them knew, or in the exercise of reasonable diligence
17  should have known, that Miller was retaliating against Smolinski based on the aforementioned
18  facts.

19     73.    Smolinski is informed and believes, and thereon alleges that in doing the acts as
20  heretofore alleged Defendants, and each of them knew, or in the exercise of reasonable diligence
21  should have known, that Smolinski was being discriminated against by the employees and agents
22  of Defendants based on the aforementioned facts.

23     74.    Notwithstanding the knowledge that Miller was engaged in this retaliation and
24  that Smolinski was being discriminated against based on his sexual orientation Defendants City,
25  Department, and Engles did not adequately supervise and oversee Miller in the performance of
26  his duties as Council person and during the period of his appointment as Chief of Police, and
27  furthermore did not adequately supervise and oversee their employees and agents in the

28

Second Amended Complaint for Damages                    Case No. C08-01809 RMW

1 | performance of their duties. Had this supervision and oversight occurred Smolinski would not
2 | have suffered damages.

3 |       75.    Despite this knowledge, Defendant City and Department allowed the above acts
4 | to occur in conscious disregard for the rights of Smolinski creating a pattern of conduct and
5 | practice of retaliation, and discrimination based on sexual orientation, that was pervasive
6 | throughout the Department and City. As a result of this conscious disregard for Smolinski's
7 | rights, an award of punitive damages as against City and Department is warranted.

8 |       WHEREFORE, Smolinski prays for judgment as set forth below.

9 | **PRAYER**

10 |     A.    For compensatory damages according to proof;

11 |     B.    For general damages according to proof;

12 |     C.    For exemplary and punitive damages according to proof as to the individual
13 |                 defendants only;

14 |     D.    For the $25,000 Statutory Penalty pursuant to Cal. Civ. Code § 52;

15 |     E.    For treble damages pursuant to Cal. Civ. Code § 52;

16 |     F.    For attorneys' fees and costs of suit herein as allowed by statute 42 USC 1988
17 |                 and applicable state statutes;

18 |     G.    For interest to the extent allowable by law; and

19 |     H.    For such further relief as the Court may deem proper.

20 |

21 | Dated: July 11, 2008                 HOGAN, HOLMES & USOZ, LLP

22 |

23 |                            /S/\
                        STEPHEN J. USOZ
24 |                      LESLIE HOLMES\
                        Attorneys for Plaintiff

25 |
26 |
27 |
28 |

Second Amended Complaint for Damages                Case No. C08-01809 RMW

**CASE NAME:**    Smolinksi v. City of Pacific Grove
**CASE NO.:**    C08-01809

## PROOF OF SERVICE

I am a citizen of the United States. My business address is 333 W. Santa Clara Street, Suite 800, San Jose, CA 95113. I am employed in the county of Santa Clara where this service occurs. I am over the age of 18 years, and not a party to the within cause. I am readily familiar with my employer's normal business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business.

On the date set forth below, following ordinary business practice, I served a true copy of the foregoing document(s) described as:

SECOND AMENDED COMPLAINT FOR DAMAGES

X    (BY FAX) by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below, or as stated on the attached service list, on this date before 5:00 p.m.

(BY MAIL) I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at San Jose, California.

(BY PERSONAL SERVICE) I caused such envelope(s) to be delivered by hand this date to the offices of the addressee(s).

X    (BY OVERNIGHT DELIVERY) I caused such envelope(s) to be delivered to an overnight delivery carrier with delivery fees provided for, addressed to the person(s) on whom it is to be served.

> Howard Golds, Esq.
> Cynthia Germano, Esq.
> Best Best & Krieger LLP
> 3750 University Avenue, Suite 400
> Riverside, CA 92502
> Fax: (951)686-3083

X    (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 11, 2008 at San Jose, California.

_____
Mary Nguyen

---

Proof of Service                                          Case No. CO8-01809 RMW

1