1   HOWARD B. GOLDS, Bar No. 112626
    howard.golds@bbklaw.com
2   CYNTHIA M. GERMANO, Bar No. 151360
    Cynthia.germano@bbklaw.com
3   BEST BEST & KRIEGER LLP
    3750 University Avenue, Suite 400
4   P.O. Box 1028
    Riverside, CA  92502
5   Telephone:  (951) 686-1450
    Telecopier:  (951) 686-3083
6
    Attorneys for Defendants
7   City of Pacific Grove, Pacific Grove Police
    Department, and Scott Miller
8
                    UNITED STATES DISTRICT COURT
9
                 NORTHERN DISTRICT OF CALIFORNIA
10
                        SAN JOSE DIVISION
11

12  DARRIN SMOLINSKI, an                 Case No.  CV 08-01809 RMW
13  individual,
                                         **NOTICE OF MOTION AND
14              Plaintiff,                MOTION TO DISMISS SIXTH,
                                         SEVENTH, EIGHTH AND TENTH
15  v.                                   CLAIMS FOR RELIEF IN
                                         PLAINTIFF'S SECOND AMENDED
16  CITY OF PACIFIC GROVE, a             COMPLAINT AND MOTION TO
    public entity; PACIFIC GROVE         STRIKE PUNITIVE DAMAGE
17  POLICE DEPARTMENT, a public          ALLEGATIONS; MEMORANDUM
    entity, SCOTT MILLER, an             OF POINTS AND AUTHORITIES**
18  individual, DARIUS ENGLES, an
    individual.,                         **[F.R.C.P. 12(b)(6) and (f).]**
19
                Defendants.              **Filed concurrently with:**
20                                       **1.    Appendix of Non-Federal
                                         Authority; and
21                                       2.    [Proposed] Order**

22                                       Date:        September 19, 2008
                                         Time:        9:00 a.m.
23                                       Courtroom: 6

24

25

26

27

28

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
RIVERSIDE

1

## TABLE OF CONTENTS

2

**Page**

1.  INTRODUCTION ...................................................................................... 1

2.  ARGUMENT ........................................................................................... 4

    A.    The Sixth and Seventh Claims for Tortious Interference With Prospective Economic Advantage Against Miller Fail ....................... 4

    B.    The Eighth Claim for Relief For Discrimination Under California Civil Code Sections 51.7 and 52.2 Fails Because There Are No Allegations of Violence or Intimidation ........................ 8

    C.    As a Matter of Law, Smolinski Cannot Sustain His Tenth Claim For Breach of the Implied Covenant of Good Faith and Fair Dealing ...................................................................................... 9

    D.    Smolinski's Punitive Damages Allegations Against the City and the Police Department Should be Stricken ....................................... 11

3.  CONCLUSION ...................................................................................... 12

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
RIVERSIDE

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TABLE OF CONTENTS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
RIVERSIDE

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Fluelling v. City of Milpitas,*
    2005 U.S.Dist. LEXIS 4283 ...................................................................................11

*Rabkin v. Dean,*
    856 F.Supp. 543 .....................................................................................................8

*Trevino v. Lassen Municipal Utility District,*
    2008 U.S.Dist. LEXIS 9621 ..................................................................................11

## STATE CASES

*Applied Equipment Corp. v. Litton Saudi Arabia Ltd.,*
    7 Cal.4th 503 ......................................................................................................4, 5

*Chula Vista Police Officers' Association v. Cole,*
    107 Cal.App.3d 242 .............................................................................................10

*Della Penn v. Toyota Motor Sales, U.S.A.,*
    11 Cal.4th 376 .......................................................................................................4

*Foley v. Interactive Data Corp.,*
    47 Cal.3d 654 .........................................................................................................9

*Glendale City Employees' Association v. City of Glendale,*
    15 Cal.3d 328 .......................................................................................................10

*JRS Products, Inc. v. Matsushita Electric Corp. of America,*
    115 Cal.App.4th 168 ..............................................................................................5

*Kasparian v. Los Angeles,*
    38 Cal.App.4th 242 ................................................................................................5

*Kelly v. General Telephone Co.,*
    136 Cal.App.3d 278 ...............................................................................................7

*Kemmerer v. County of Fresno,*
    200 Cal.App.3d 1426 ...........................................................................................10

*L.A. County Employees' Association, Local 660 v. County of L.A.,*
    33 Cal.App.3d 1 ...................................................................................................10

*Miller v. State of California,*
    18 Cal.3d 808 .......................................................................................................10

*North American Chemical Company v. The Superior Court of Los Angeles,*
    59 Cal.App.4th 764 ................................................................................................4

*Racine & Laramie, Ltd. v. Department of Parks & Recreation,*
    11 Cal.App.4th 1026 ..............................................................................................9

*Shoemaker v. Beverlee A. Meyers,*
   52 Cal.3d 1 ................................................................................................................6, 10

*Vielehr v. State of California,*
   104 Cal.App.3d 392 ................................................................................................10

*Woods v. Fox Broadcasting Sub., Inc.,*
   129 Cal.App.4th 344 ................................................................................................7

*Youst v. Longo,*
   43 Cal.3d 64 ................................................................................................................4

## FEDERAL STATUTES

F.R.C.P. 12(b)(6) ................................................................................................ iv

## STATE STATUTES

California Civil Code Section 51.7................................................................1, 2, 3, 8, 9

California Civil Code Section 52.1................................................................1, 2, 3, 8, 9

California Civil Code Section 3294................................................................3, 11

California Government Code Section 818................................................................1, 3, 11

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
RIVERSIDE

1

## NOTICE OF MOTION AND MOTION

2

3          TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

4

5          NOTICE IS HEREBY GIVEN that, on September 19, 2008, at 9:00 a.m., or

6    as soon thereafter as the matter may be heard in Courtroom 6 of the above-

7    captioned court, located at 280 South First Street, San Jose, California, defendants

8    City of Pacific Grove, Pacific Grove Police Department and Scott Miller will and

9    do hereby move for an order dismissing, with prejudice, the sixth, seventh, eighth

10   and tenth causes of action in plaintiff Darrin Smolinski's Second Amended

11   Complaint for Damages pursuant to F.R.C.P. 12(b)(6), on the ground that Plaintiff

12   has not stated a claim upon which relief may be granted.

13

14         To the extent that the specified claims are not dismissed pursuant to this

15   Motion, defendants City of Pacific Grove and Pacific Grove Police Department

16   further move to strike paragraph 75 of the Second Amended Complaint in its

17   entirety and paragraphs 32 and 44 to the extent they allege a claim of punitive or

18   exemplary damages against the City of Pacific Grove or the Pacific Grove Police

19   Department.  The motion to strike is made pursuant to F.R.C.P. 12(f), on the ground

20   that California law precludes claims for punitive or exemplary damages against

21   public entities.

22

23

24

25

26

27

28

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
RIVERSIDE

MOTION TO DISMISS SIXTH, SEVENTH,
EIGHTH AND TENTH CLAIMS FOR RELIEF
CV 08-01809 RMW

1    This Motion will be based on this Notice of Motion and Motion, the attached

2    Memorandum of Points and Authorities, the accompanying Appendix of Non-

3    Federal Authorities and [Proposed] Order, the complete file and pleadings in this

4    matter, and on such other matters which the Court properly may consider at the

5    time of the hearing.

6
     Dated:    July 2/ , 2008                    BEST BEST & KRIEGER LLP
7

8

9    By: _____
        HOWARD B. GOLDS
10        CYNTHIA M. GERMANO
          Attorneys for Defendants
11        City of Pacific Grove, Pacific Grove
          Police Department and Scott Miller

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
RIVERSIDE

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1.    Introduction

Since June, 1997, Plaintiff Darrin Smolinski ("Smolinski") has been continuously employed by defendant City of Pacific Grove Police Department ("Department"). Defendant Scott Miller ("Miller") was formerly the Chief of Police of the Department and is currently a member of the City of Pacific Grove ("City") City Council. Smolinski alleges in his Second Amended Complaint ("Amended Complaint") that he is homosexual, and that his sexual orientation was well known within the City. Smolinski further alleges a panoply of claims for relief, all of which are generally based on his claim that he was discriminated or retaliated against because of his sexual orientation or because he provided testimony in an action brought by a former employee.

Not content with alleging seven legally viable causes of action which cover virtually every conceivable claim that can be alleged against one's employer (although Defendants obviously dispute the underlying facts and are confident that the evidence will disprove each one), Smolinski has also alleged and refused to dismiss four legally defective claims, specifically the sixth and seventh claims for intentional and negligent interference with prospective economic advantage, the eighth claim for discrimination under California Civil Code sections 51.7 and 52.1 and the tenth claim for breach of implied covenant of good faith and fair dealing.

The sixth and seventh causes of action for interference with prospective economic advantage fail for a variety of reasons. While Smolinski never actually alleges the "economic relationship" which purportedly forms the basis of his claims, the allegations in the Amended Complaint make clear that Smolinski's

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
RIVERSIDE

RVLIT\CGERMANO\733942.1                    1                    MOTION TO DISMISS SIXTH, SEVENTH, EIGHTH AND TENTH CLAIMS FOR RELIEF
CV 08-01809 RMW

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
RIVERSIDE

1   claims are based on his employment with the Department and the allegation that he

2   was not promoted because of Miller's purported actions. As a matter of law,

3   however, Smolinski's employment is not and never will be contractual, but is rather

4   held by statute. Smolinski thus cannot even allege the first prerequisite to the

5   maintenance of a claim for interference with prospective economic advantage, i.e.,

6   the existence of or the promise of a contractual relationship between himself and

7   the Department.

8

9       Even if Smolinski could get past that hurdle, his tortious interference claims

10  would still fail because a party to a contract cannot be held liable for interfering

11  with the contract. Specifically, the purported contract is Smolinski's employment

12  and his opportunity to be promoted. Smolinski is claiming that Miller, first as the

13  Chief of Police of the Department and then as a member of the City Council, i.e.,

14  the ultimate "boss" of all City employees, including members of the Department,

15  took actions which prevented Smolinski from being promoted within the

16  Department. Since the Amended Complaint alleges that Miller was at all times

17  acting within the course and scope of his employment, the Amended Complaint is

18  alleging that Miller interfered with a contract to which he, as the "boss" was a

19  party. While seemingly a tortured analysis, what this really shows is that

20  interference with prospective economic advantage claims have no place against

21  supervisors in employment discrimination and retaliation cases.

22

23      The eighth claim for discrimination under California Civil Code sections

24  51.7 and 52.1 against the City and the Department fails as a matter of law because

25  sections 52.1(a) and (b) are clear that liability will only attach when a person's

26  rights are interfered with "by threat, intimidation, or coercion," and section 52(j)

27  makes clear that speech alone is not sufficient. Since the Amended Complaint does

28  not allege that violence was committed against Smolinski, or that Smolinski was

1    intimidated or threatened with violence, it does not state a cause of action for

2    discrimination under Civil Code sections 51.7 and 52.1.

3

4    　　　The tenth claim for relief breach of implied covenant of good faith and fair

5    dealing fails for a variety of reasons. First, as does the sixth and seventh claims for

6    relief, the tenth claim fails because the Amended Complaint does not and cannot

7    establish a contractual relationship between Smolinski and the City or the

8    Department, since as a matter of law, public employment is held pursuant to statute,

9    not contract.

10

11    　　　To the extent that Smolinski is relying on a Memorandum of Understanding

12    ("MOU") entered between the City and the labor union of which Smolinski is a

13    member to form the basis of his claim, he still cannot state a viable claim. First, the

14    appropriate means to enforce an MOU (which is a creation of statute as opposed to

15    a contract) is through a petition for writ of mandate. Second, even if Smolinski had

16    brought such a writ, it would have to be denied because Smolinski has no standing

17    to enforce an MOU between a union and the City, since the appropriate entity to

18    enforce the terms of an MOU against a public employer is the other party to the

19    agreement; i.e., the union that serves as the employees' exclusive representative.

20

21    　　　Smolinski has overpled his case. The sixth, seventh, eighth and tenth claims

22    for relief are barred as a matter of law and should be dismissed.

23

24    　　　Finally, Smolinski has improperly alleged punitive damage claims against the

25    City and the Department. California Government Code section 818 specifically

26    provides that "[n]otwithstanding any other provision of law, a public entity is not

27    liable for damages awarded under Section 3294 of the Civil Code or other damages

28    imposed primarily for the sake of example and by way of punishing the defendant."

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
RIVERSIDE

1  Despite this clear and unambiguous language, Smolinski has persisted in alleging

2  punitive damages claims in his Amended Complaint against the City and the

3  Department in relation to claim four ("Intentional Infliction of Emotional Distress")

4  at paragraph 32, claim six ("Intentional Interference with Prospective Economic

5  Advantage") at paragraph 44, and claim ten ("Negligent Supervision and Training")

6  at paragraph 74.[1]  As such, these allegations should be stricken to the extent they

7  are not otherwise dismissed pursuant to this Motion and are alleged against the City

8  of Pacific Grove and the Pacific Grove Police Department.

9

10  **2.     ARGUMENT**

11

12  **A.     The Sixth and Seventh Claims for Tortious Interference**

13  **With Prospective Economic Advantage Against Miller Fail**

14

15     To state a claim for either intentional or negligent interference with

16  prospective economic advantage, a plaintiff must first allege an economic

17  relationship between the plaintiff and some third party, with the probability of

18  future economic benefit to the plaintiff.  (*Della Penn v. Toyota Motor Sales, U.S.A.*,

19  11 Cal.4th 376, 378 (1995); *Youst v. Longo*, 43 Cal.3d. 64, 71, fn. 6 (1987); *North*

20  *American Chemical Company v. The Superior Court of Los Angeles*, 59 Cal.App.4th

21  764, 786 (1997).) The sixth and seventh claims fail because there are no allegations

22  that Miller interfered with an economic relationship between Smolinski and some

23  third party.

24

25     In *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal.4th 503, 514

26  (1994), the California Supreme Court held that a cause of action for interference

27  _____
[1] Although Count IV is alleged only against individual defendant Miller, paragraph 32 alleges a punitive damages
28  claim as against "all Defendants."  Paragraph 44 contains essentially identical language.  Paragraph 74 alleges a
punitive damage claim only against the City and the Department.

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
RIVERSIDE

1   with contractual relations does not lie against a party to the contract. Explaining the

2   difference between contract and tort in greater depth, the court stated:

3

4   > Applied's conspiracy theory is fundamentally
    > irreconcilable with the law of conspiracy and the tort of
    > interference ... . One contracting party owes no general

5   > tort duty to another not to interfere with performance of
    > the contract; its duty is simply to perform the contract

6   > according to its terms.  The tort duty not to interfere with
    > the contract falls only on strangers--interlopers who have

7   > no legitimate interest in the scope or course of the
    > contract's performance.  (*Ibid.*)

8

9   The court in *Kasparian v. Los Angeles*, 38 Cal.App.4th 242, 265-266 (1995)

10  explained that as a matter of logic, it makes no sense to distinguish between

11  interference with contractual relations and interference with prospective economic

12  advantage claims and further explained that "where there is no contractual but only

13  a prospective relationship. ... In short, nothing said by the court in *Applied*

14  *Equipment* requires or even suggests that the 'injured' plaintiff should be given a

15  tort remedy to 'replace' the contract remedy he would not have been entitled to in

16  any event." (*Id.* at p. 266.)

17

18  In *JRS Products, Inc. v. Matsushita Electric Corp. of America*, 115

19  Cal.App.4th 168 (2004), the court framed the issue as follows:

20

21  > We are confronted with a question of law, not the
    > sufficiency of the facts. But the issue is not, as Panasonic
    > asserts, whether a tort claim for interference can be

22  > sustained in the absence of evidence that the tortfeasor
    > directed its actions toward a third party.  The target of the

23  > interference is not an element of the tort.  Rather, the
    > issue is whether damages can be recovered for

24  > interference with prospective economic advantage by one
    > contracting party against another based on conduct that

25  > would otherwise constitute a breach of the parties'
    > contract.  The effect of the judgment is to award JRS, a

26  > party to a contract, tort damages for Panasonic's breach of
    > contract on the theory that Panasonic's breach constitutes

27  > an interference with prospective economic advantage. As
    > JRS pointed out much earlier in this litigation, a party to a

28  > contract cannot recover damages in tort for breach of

MOTION TO DISMISS SIXTH, SEVENTH,
EIGHTH AND TENTH CLAIMS FOR RELIEF
CV 08-01809 RMW

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
RIVERSIDE

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
RIVERSIDE

1    contract. We therefore reverse the judgment on the tort
2    claim. (*Id*. at 179.)

3    The case of *Shoemaker v. Beverlee A. Meyers*, 52 Cal.3d 1 (1990) is directly

4    on point.  In *Shoemaker*, an employee sued his employer, the State Department of

5    Health Services, as well as the director and assistant director of the Department and

6    other individuals associated with the Department for various employment law

7    claims, including breach of contract, breach of the covenant of good faith and fair

8    dealing, interference with business relationship and inducement of breach of

9    contract.  Plaintiff essentially claimed that he was terminated in retaliation for his

10   filing a report which concluded that the Department was engaging in illegal

11   practices and that the director of the Department and other high Department

12   officials knew of the illegal activities, and because he demanded representation

13   when he was being questioned about other matters.  (*Id*. at pp. 7-10 and fn. 2.) After

14   discussing that the plaintiff, a civil service employee, cannot as a matter of law state

15   a claim for beach of contract or breach of the covenant of good faith and fair

16   dealing (*Id*. at pp. 23-24), the Court further explained that the plaintiff had failed to

17   allege a viable claim for interference with prospective economic advantage:

18
19   With respect to the tort of interference with prospective
     economic advantage, plaintiff's pleading had identified no
     "prospective economic advantage" other than the
20   continuation of his employment relationship.  Thus, as is
     suggested by the alternative title given this cause of
21   action, it is in reality identical in substance to plaintiff's
     claim for inducement of breach of contract.  It is
22   axiomatic, however, that there can be no action for
     inducement for breach of contract against the other party
23   to the  contract. [Citation omitted.]  It is also well
     established that corporate agents and employees acting for
24   and on behalf of a corporation cannot be held liable for
     inducing a breach of the corporation's contract.
25   [Citations omitted.]

26   Here, the parties against whom plaintiff seeks recovery on
     this cause of action are plaintiff's supervisors: agents of
27   the employer who are vested with the power to act for the
     employer (rightly or wrongly) in terminating plaintiff's
28   employment.  For purposes of this cause of action, then,

RVLIT\CGERMANO\733942.1                  - 6 -                MOTION TO DISMISS SIXTH, SEVENTH,
                                                             EIGHTH AND TENTH CLAIMS FOR RELIEF
                                                             CV 08-01809 RMW

1    these defendants stand in the place of the employer,
     because the employer - - the other party to the supposed
2    contract - - cannot act except through such agents.

3    Thus, there is no viable "inducement of breach of contact"
     or "interference with economic advantage" that is
4    distinguishable from a cause of action for breach of
     contract.  As we have held, however, plaintiff, a state civil
5    service employee, does not have a contract of
     employment.  Plaintiff improperly seeks to cast this cause
6    of action in tort to obtain recovery to which he is not
     entitled.  (*Id.* at pp. 24-25.)[2]

7

8        Here, Smolinski's fifth and sixth claims for interference with prospective

9    economic advantage both claim that Miller, in the course and scope of his

10   employment first as the Chief of Police and then as a member of the City Council,

11   interfered with Smolinski's employment relationship with the City.  (Amended

12   Complaint, ¶¶ 4, 38-42, 46-49.)  Besides the fact that Smolinski's employment, as a

13   matter of law, was not contractual, the interference claims both fail because Miller

14   was not acting for any economic benefit of his own, but rather, rightly or wrongly

15   (as Smolinski alleges), was acting on behalf of the City.  As such, Miller was not a

16   "stranger" to the purported contract or economic relationship, but as Smolinski's

17   superior (both as the Chief of Police, and as a member of the City Council), stood

18   in the place of the City.  Having admitted that Miller was acting in the course and

19   scope of his employment as to any actions he took in regard to Smolinski, there is

20   no chance that Smolinski can amend to state viable claims for intentional or

21   negligent interference.  As such, Smolinski's fifth and sixth claims should be

22   dismissed with prejudice.

23

24

25

26   [2] In *Woods v. Fox Broadcasting Sub., Inc.*, 129 Cal.App.4th 344, 350-356 (2005), the Court of Appeal held that
     owners, officers or directors of a company who had some general economic interest or other stake in the Company's
     contract that was the subject of the litigation could be held liable for interference with contract or prospective
27   economic advantage.  The Court distinguished that situation from those where the defendant was either the
     contacting party or its agent, in which case such defendant could not be held liable for interference.  (*Id.* at 352, citing
28   *Shoemaker, supra*, at p. 24 and *Kelly v. General Telephone Co.*, 136 Cal.App.3d 278, 288 (1982).)

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
RIVERSIDE

**B.    The Eighth Claim for Relief For Discrimination Under California Civil Code Sections 51.7 and 52.2 Fails Because There Are No Allegations of Violence or Intimidation**

The eighth claim for relief purports to set forth a claim for discrimination pursuant to California Civil Code sections 51.7 and 52.1.  Civil Code section 51.7(a) states the policy of the State that "[a]ll persons . . . have a right to be free from any violence, or intimidation by threat of violence" on account of any protected characteristic listed in sections 51(b) or (e).  Sections 52.1 (a) and (b), which are essentially the mechanism for enforcing section 51.7, provide that an individual whose rights are interfered with "by threat, intimidation, or coercion" may bring a civil action for damages.  Section 52.1(j), however, explains:

> Speech alone is not sufficient to support an action brought pursuant to subdivision (a) or (b), except upon a showing that the speech itself threatens violence against a specific person or group of persons; and the person or group of persons against whom the threat is directed reasonably fears that, because of the speech, valance will be committed against them or their property and that the person threatening violence had the apparent ability to carry out the threat."

In *Rabkin v. Dean*, 856 F.Supp. 543 (N.D. Cal. 1994), the plaintiff City Auditor sued her City employer and various members of the City Council when they failed to approve a proposed salary increase.  The plaintiff claimed that she was singled out for adverse salary decisions to punish her for her political associations and activities and to drive her out of office.  (*Id.* at 546.)  The Court explained that the context of section 52.1 makes clear that the statute is to protect against violence or threats of violence.  Since there was no such activity alleged in the complaint, the court dismissed the Civil Code section 52.1 claim with prejudice. (Id. at 552.)

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
RIVERSIDE

1    Here, the only "actions" alleged in the Amended Complaint are based on

2    speech.  Specifically, Smolinski alleges that his sexual orientation has been the

3    subject of jokes and ridicule, that other employees have made derogatory comments

4    about people's sexual orientations and comments about Smolinski's anatomy in

5    relation to his sexual orientation, that Smolinski has been told the Department

6    disapproves of his "lifestyle," that Smolinski's personal life has been openly

7    discussed and that a derogatory email was sent on the department's email system

8    (although not to Smolinski), and that the City and the department violated Civil

9    Code section 52.1 by failing to stop those acts.  (Amended Complaint, ¶¶ 10, 56.)[3]

10

11    Simply, Smolinski has *not* alleged that he was subjected to violence or

12    intimidation by threat of violence.  As such, he has not stated a claim for violation

13    of Civil Code sections 51.7 and 52.1.

14

15    **C.    As A Matter of Law, Smolinski Cannot Sustain His Tenth**

16    **Claim For Breach of the Implied Covenant of Good Faith**

17    **and Fair Dealing**

18

19    Contractual remedies provide the "sole available relief" for an alleged breach

20    of the implied covenant of good faith and fair dealing in the employment context.

21    (*Foley v. Interactive Data Corp.*, 47 Cal.3d. 654, 696 (1988).)  The implied

22    covenant of good faith and fair dealing is limited to assuring compliance with the

23    contract's express terms and cannot be invoked to create obligations independent of

24    a contract.  (*Racine & Laramie, Ltd. v. Department of Parks & Recreation*, 11

25    _____

[3] While the latest version of the Amended Complaint adds a paragraph alleging that Smolinski received postcards at
26    the Department accusing him of illegal activity, that the Department did not take sufficient action to protect
Smolinski from the person who was sending the cards and "threatened" to investigate the allegations in the cards
27    (Amended Complaint, ¶ 11), Smolinski has still failed to state a claim for violation of Civil Code sections 51.7 and
52.1.  Besides the fact that the allegations as to the Department's actions are completely untrue (which will be proven
at a later date), the "threat" of commencement of an investigation does not equate to the requisite threat of violence
28    necessary to state a claim.

1    Cal.App.4th 1026, 1032 (1992).)

2

3         In California, public employment is held by statute, not by contract. (*Miller*

4    *v. State of California*, 18 Cal.3d 808, 813-14 (1977); *Vielehr v. State of California*,

5    104 Cal.App.3d 392, 395-96 (1980).)  Public employees thus have no vested

6    contractual right in the terms of their employment. (*Kemmerer v. County of*

7    *Fresno*, 200 Cal.App.3d 1426, 1432-33 (1988).)  As such, public employees cannot

8    state a claim for either breach of contract or breach of the implied covenant of good

9    faith and fair dealing. (*Shoemaker*, *supra*, 52 Cal.3d at 23-24.)  Smolinski's tenth

10   claim for relief for breach of the implied covenant of good faith and fair dealing as

11   against the City and the Department therefore fails as a matter of law.

12

13        To the extent that Smolinski's tenth claim for relief purports to seek redress

14   for an alleged breach by the City of its contractual agreement (i.e., a MOU) with the

15   labor union of which Smolinski is a member, the claim still fails.  First, the

16   appropriate means to enforce an MOU (which is a creation of statute as opposed to

17   a contract) is through a petition for writ of mandate rather than a breach of contract

18   or breach of implied covenant claim. (*Glendale City Employees' Assn. v. City of*

19   *Glendale*, 15 Cal.3d 328, 345 (1975).)  Second, even if Smolinski had brought such

20   a writ, it would have to be denied because Smolinski has no standing to enforce an

21   MOU between his labor union and the City.  The appropriate entity to enforce the

22   terms of an MOU against a public employer is the other party to the agreement; i.e.,

23   the union that serves as the employees' exclusive representative. (See, e.g.,

24   *Glendale*, 15 Cal.3d 328; *Chula Vista Police Officers' Assn. v. Cole*, 107

25   Cal.App.3d 242 (1980); *L.A. County Employees' Assn., Local 660 v. County of L.A.*,

26   33 Cal.App.3d 1 (1973).)

27

28

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
RIVERSIDE

RVLIT\CGERMANO\733942.1                - 10 -                MOTION TO DISMISS SIXTH, SEVENTH,
                                                             EIGHTH AND TENTH CLAIMS FOR RELIEF
                                                             CV 08-01809 RMW

1    Simply, there is no "contract" between Smolinski and the City or the

2    Department, and no legal or factual basis to state a claim for breach of the implied

3    covenant.  Smolinski's tenth claim for relief should therefore be dismissed without

4    leave to amend.

5

6    **D.    Smolinski's Punitive Damages Allegations Against the City**

7    **and the Police Department Should be Stricken**

8

9    F.R.C.P. section 12(f) provides that this court "may strike from a pleading an

10    insufficient defense or any redundant, immaterial, impertinent or scandalous

11    matter."  As noted above, California Government Code section 818 provides:

12    "Notwithstanding any other provision of law, a public entity is not liable for

13    damages awarded under Section 3294 of the Civil Code or other damages imposed

14    primarily for the sake of example and by way of punishing the defendant."

15    Numerous cases have held that this section does exactly as it states; it prohibits any

16    award of exemplary or punitive damages against a public entity.  As such, the

17    courts will strike from complaints allegations of punitive damages against public

18    entities. *See e.g., Trevino v. Lassen Mun. Util. Dist.*, 2008 U.S. Dist. LEXIS

19    9621 (E.D. Cal 2008) and *Fluelling v. City of Milpitas*, 2005 U.S. Dist. LEXIS

20    4283  (N.D. Cal. 2005).

21

22    Here and despite the clear law on point, Smolinski alleges claims for punitive

23    damages against the City and the Department in three separate places in his

24    Amended Complaint:  Paragraph 32 which is part of claim four; paragraph 44

25    which is part of claim six; and paragraph 75 which is part of claim ten.  To the

26    extent claims six and ten are not otherwise dismissed pursuant to this Motion and to

27    the extent the punitive damage allegations are actually alleged against the City and

28    the Department in paragraphs 32 and 44, they should be stricken as being

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
RIVERSIDE

1  immaterial.

2

3    **3.    CONCLUSION**

4

5      For these reasons, Defendants respectfully requests that the sixth, seventh,

6  eighth and tenth claims for relief be dismissed, without leave to amend and that all

7  punitive damages allegations made against the City of Pacific Grove and the Pacific

8  Grove Police Department be stricken.

9

10  Dated:    July 21, 2008                     BEST BEST & KRIEGER LLP

11

12                                             By: _____
                                                  HOWARD B. GOLDS
13                                                CYNTHIA M. GERMANO
                                                  Attorneys for Defendants
14                                                City of Pacific Grove, Pacific Grove
                                                  Police Department and Scott Miller

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION TO DISMISS SIXTH, SEVENTH,
EIGHTH AND TENTH CLAIMS FOR RELIEF
CV 08-01809 RMW

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
RIVERSIDE