1  STEPHEN J. USOZ, ESQ., SBN 189095
   LESLIE HOLMES, ESQ., SBN 192608
2  HOGAN HOLMES & USOZ LLP
   333 West Santa Clara Street, Suite 800
3  San Jose, California 95113
   Telephone (408) 292-7600
4
   Attorneys for Plaintiff Darrin Smolinski
5

6

7

8              UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                  SAN JOSE DIVISION

11 DARRIN SMOLINSKI, an individual        )   Case No:  C-08-01809 RMW
                                          )
12            Plaintiff,                   )
                                          )   **PLAINTIFF'S OPPOSITION TO**
13     v.                                  )   **DEFENDANTS' MOTION TO DISMISS**
                                          )   **CLAIMS SIX, SEVEN, EIGHT, AND TEN,**
14 CITY OF PACIFIC GROVE, a public entity; )   **AND STRIKE PUNITIVE DAMAGES**
   PACIFIC GROVE POLICE DEPARTMENT,        )   **ALLEGATIONS**
15 a public entity, SCOTT MILLER, an       )
   individual.                             )   **Date:  September 19, 2008**
16                                         )   **Time:  9:00 a.m.**
              Defendants                   )   **Dept:  6**
17                                         )   **Honorable Ronald M. Whyte**
                                          )
18

19        Plaintiff Darrin Smolinski ("Smolinski" or "plaintiff") submits this opposition to City of

20 Pacific Grove ("City"), Pacific Grove Police Department ("PD") and Scott Miller ("Miller")

21 collectively ("defendants") motion to dismiss the Second Amended Complaint's ("SAC") sixth,

22 seventh, eighth and tenth claims and motion to strike punitive damages as against the public

23 entities.

24                  I.    **SUMMARY OF ARGUMENT**

25        Preliminarily, plaintiff does not dispute that the tenth claim should be dismissed or that

26 punitive damages may only be recovered against the individual defendant, not the public entity.

27

28

1     As for the other claims subject to defendants' motion, plaintiff has properly pled the
2  interference with prospective economic advantage claims, Counts Six and Seven. These claims
3  do not require the existence of a contract, but simply an economic relationship. Furthermore, the
4  complaint clearly alleges that these claims against defendant Miller were for actions taken by
5  him during his time when he was not an employee of the police department and thus not a
6  "party" to the economic relationship. Indeed, Miller in his capacity as a council member is part
7  of the legislating branch of government and by definition could not act on behalf of the City
8  regarding any PD matter. Indeed, the City charter specifically prohibits the alleged Miller
9  conduct.

10     Plaintiff has properly pled the California Civil Code section 51.7 and 52.7 claim, Count
11  Eight, as the complaint specifically alleges that defendants' conduct violated the statute. SAC,
12  ¶11).

13                 **II.     ALLEGATIONS OF THE COMPLAINT**

14     As alleged in the Seconded Amended Complaint, plaintiff is employed as a police officer
15  for the City of Pacific Grove, and who has worked in the department for over 10 years. He is a
16  homosexual, a fact that is well known within the community and by his employer. SAC, ¶ 1.

17     Defendant Miller was formerly the police chief for Pacific Grove, until terminated from
18  that position, and subsequently becoming a city council member.

19     The gravamen of the claim is that because of Smolinski's sexual orientation and
20  testimony in a federal court action adverse to Miller, defendants sought to drive him out of the
21  department through denying promotions and engaging in intimidating conduct. SCA, ¶¶ 9 -13.

22     In particular, plaintiff claims that in one such incident involving harassing conduct by a
23  person arrested by plaintiff, instead of protecting Smolinski from the harassing conduct, the
24  "Chief of Police threatened to bring formal investigations against Smolinski based on the
25  accusations contained in a postcard; the underlying threat being prosecution and arrest." SAC, ¶
26  11.

27     Additionally, plaintiff specifically alleges that Miller personally interfered with his ability
28  to receive promotions in the police department while chief of police, and, upon Miller being

1  terminated from the Chief of Police position, and continuing, once Miller became a politician by

2  engaging in a "campaign to discredit and prevent Smolinski from further advancement in the

3  Department." SAC, ¶5.

### III.    LEGAL ARGUMENT

#### A.    Legal Standard

6  Dismissal of a claim under Federal Rule of Civil Procedure 12(b) (6) is only appropriate

7  in "extraordinary" cases. *United States v. Redwood City* (9th Cir. 1981) 640 F.2d 963, 966. The

8  rarity of dismissal is not surprising given that the allegations of a complaint must be construed in

9  the light most favorable to the plaintiff. *Parks School of Business Inc. v. Symington* (9th Cir.

10 1995) 51 F.3d 1480, 1484. Thus, the Court must accept as true all material allegations in the

11 complaint, as well as all reasonable inferences to be drawn from them. *Pareto v. F.D.I.C.* (9th

12 Cir. 1998) 139 F.3d 696, 699. Simply put, no matter how improbable the facts alleged are, they

13 must be accepted as true for the purposes of the motion. *Neitke v. Williams* (1989) 490 U.S. 319,

14 328-329.

15 Finally, under liberal federal pleading standards, the right for leave to amend a claim

16 shall be "freely given when justice so requires." Fed. R. Civ. P. 15(a)(2)

#### B.    Plaintiff Can Maintain His Interference with Prospective
#### Economic Advantage Claim - Counts Six and Seven

19 This claim is only pled as against defendant Miller. In seeking to dismiss the claim,

20 defendants argue that "there are no allegations that Miller interfered with an economic

21 relationship between Smolinski and some third party." Motion, p. 4:21-22. This is factually

22 incorrect.

23 Plaintiff pled that Miller, "during a time when he was not being employed by the City,"

24 interfered with his opportunity to receive promotions at the police department. SAC, ¶¶ 42, 50.

25 These allegations clearly meet the elements of the tort, and as pled must be accepted as true.

26 The cases cited by defendants are not on point. Plaintiff, in this claim, is suing Miller, as

27 an individual. Miller is not a party to the economic relationship between Smolinski and the

28 police department.    The third party is the police department and/or City.

---

1    These allegations are different than those found in *Shoemaker v. Beverlee A. Meyers*, 52

2 Cal3d 1, (1990), the primary case relied upon by the defendants. There, the Court dismissed the

3 interference claims because the individual defendants sued "are plaintiff's supervisors: agents of

4 the employer who are vested with the power to act for the employer (rightly or wrongly) in

5 terminating plaintiff's employment. For purposes of this cause of action, then, these defendants

6 stand in the place of the employer, because the employer--the other party to the supposed

7 contract--cannot act except through such agents." *Id.* at 25

8    Here, unlike in Shoemaker, there are no such allegations that the individual defendant

9 Miller, during the intervening time between his position as chief of police and being elected to

10 the city council, had the authority to act adversely to plaintiff's employment as a police office.

11 Additionally, there are no allegations that the individual defendant Miller, while a city

12 councilperson, was plaintiff's supervisor and/or had the authority to act adversely on the

13 employment of the plaintiff as a police officer. In fact, the opposite is true,. As a legislating

14 politician, Miller has no executive authority to act on behalf of the City or the police department,

15 and can be held personally liable for his conduct in reference to plaintiff. To further this theory

16 of individual liability, the separation of powers in the Charter of the City of Pacific Grove,

17 California ("Charter") at Article 21 specifically prohibits council persons from interfering with

18 the city manager in the appointment of employees in the administrative service. The Charter at

19 Article 45 defines a violation of its mandate as a misdemeanor punishable by imprisonment and

20 a fine. See *Charter of the City of Pacific Grove, Articles 21, 26.* Miller had absolutely no

21 authority to act in the manner in which he did within the course and scope of his work as a City

22 council member

23    This claim is no different than *Savage v. Pacific Gas & Electric Co.* (1993) 23

24 Cal.App.4th 434, 439. In that case, the court examined plaintiff's claims "that the defendants

25 interfered with the pursuit of her profession as a journalist." In reversing the trial court's ruling

26 in defendant's favor, the appellate court found that the interference claim was valid because the

27 defendant's conduct through statements made to people who gave employment as a "free-lance

28 journalist" interfered with her economic relationships. The court made this ruling on the basis

1  that even though such work was not guaranteed, there was a probability of future economic

2  benefit. *Id.* at 448 – 450. In support of its analysis, the appellate court reasoned that "the trier of

3  fact could reasonably find that the PG&E executive's conduct was substantially certain to

4  interfere with appellant's interests and infer culpable intent from this fact." *Id.* at 450.

5      Here, defendant's Miller's efforts once he left the police department to discredit plaintiff

6  through his conduct was certain to interfere with Smolinski's efforts to get promoted. Such

7  allegations are no different than those of the PG&E executive in *Savage*.

8  **C.      Plaintiff Has Sufficiently Plead the Unruh Claim (Civil Code Sections 51.7 and 52.1)**

9      Defendants' sole argument to dismiss the eighth count of the SAC, is that all of the

10  allegations are based on "speech." Motion, p. 9:1-2.   Defendants, however, cherry pick through

11  the allegations while ignoring conduct that goes well beyond speech, including the conduct of

12  failing to protect plaintiff from harassment. See SAC, ¶ 11.  Such allegations are sufficient to

13  support count eight of the SAC. *See, County of Tehama* 939, F. Supp 1465 (1996 ED Cal)

14  (failure to investigate claims of harassment or protect plaintiff supported claim under Unruh

15  Act).

16                          **IV.      CONCLUSION**

17      Plaintiff does not dispute dismissal of the tenth cause of action or the motion to strike the

18  allegations of punitive damages as against the public entities.

19      However, based on the foregoing, plaintiff respectfully requests that the Court deny

20  Defendants' motion as to the six seventh and eighth claims. Alternatively, Plaintiff requests

21  leave to amend the complaint to re-plead these three claims.

22

23  Dated: August 29, 2008                      HOGAN, HOLMES & USOZ, LLP

24

25                                  _____/S/_____
                                   STEPHEN J. USOZ

26                                  LESLIE HOLMES
                                   Attorneys for Plaintiff

27

28