HOWARD B. GOLDS, Bar No. 112626
howard.golds@bbklaw.com
CYNTHIA M. GERMANO, Bar No. 151360
Cynthia.germano@bbklaw.com
BEST BEST & KRIEGER LLP
3750 University Avenue, Suite 400
P.O. Box 1028
Riverside, CA  92502
Telephone:  (951) 686-1450
Telecopier:  (951) 686-3083

Attorneys for Defendants
City of Pacific Grove, Pacific Grove Police
Department, and Scott Miller

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DARRIN SMOLINSKI, an individual,<br><br>              Plaintiff,<br><br>v.<br><br>CITY OF PACIFIC GROVE, a public entity; PACIFIC GROVE POLICE DEPARTMENT, a public entity, SCOTT MILLER, an individual, DARIUS ENGLES, an individual.,<br><br>              Defendants. | Case No.  CV 08-01809 RMW<br><br>**DEFENDANTS CITY OF PACIFIC GROVE, PACIFIC GROVE POLICE DEPARTMENT AND SCOTT MILLER'S REPLY IN SUPPORT OF MOTION TO DISMISS SIXTH, SEVENTH, EIGHTH AND TENTH CLAIMS FOR RELIEF IN PLAINTIFF'S SECOND AMENDED COMPLAINT AND MOTION TO STRIKE PUNITIVE DAMAGE ALLEGATIONS**<br><br>[F.R.C.P. 12(b)(6) and (f).]<br><br>Date:     September 19, 2008<br>Time:    9:00 a.m.<br>Courtroom: 6 |

# REPLY MEMORANDUM OF POINTS AND AUTHORITIES

## 1. INTRODUCTION

The Opposition of Plaintiff Darrin Smolinski ("Smolinski") to the Motion to Dismiss and Motion to Strike filed by defendants City of Pacific Grove ("City"), City of Pacific Grove Police Department ("Department") and Scott Miller ("Miller") concedes (finally, despite these exact points being raised in at least two meet and confer discussions) two points: (1) that a claim for breach of the implied covenant of good faith and fair dealing is dependent on the existence of a contract, and since public employment is held pursuant to statute rather than contract, the tenth claim for relief fails against the City and the Department; and (2) California law precludes claims for punitive or exemplary damages against public entities, and thus all references to requests for punitive damages against the City or the Department should be stricken. The Opposition refuses, however, to acknowledge the deficiency of the sixth and seventh claims for intentional and negligent interference with prospective economic advantage and the eighth claim for discrimination under California Civil Code sections 51.7 and 52.1.

As to the interference with prospective economic advantage claims, Smolinski's acknowledgment that his tenth claim for relief fails renders the dismissal of the sixth and seventh a fait accompli. Smolinski's Opposition fortuitously ignores a major portion of the holding of *Shoemaker v. Beverlee A. Meyers*, 52 Cal.3d 1 (1990), despite the fact that it was cited in the Motion. *Shoemaker* held that a public employee does not hold employment pursuant to contract, cannot state a claim for breach of contract or breach of the covenant of good faith and fair dealing, and thus cannot, as a matter of law, state a claim for interference with prospective economic advantage. Based thereon, Smolinski

cannot state any claim which is dependent on the existence of a contractual relationship, and thus cannot state a claim for either breach of the covenant of good faith and fair dealing (as he concedes) or interference (intentional or negligent) with prospective economic advantage.

Moreover, the fact remains that an essential element of a claim for interference with prospective economic advantage is that the defendant is a *third party* who interfered with a valid contract or economic relationship between the plaintiff and another. Under no circumstances can Miller be considered a third party. First, the Second Amended Complaint alleges that each Defendant was the agent and employee of each of the remaining Defendants, and in doing the things alleged was acting in the course and scope of the Department and City. Second Amended Complaint, ¶ 6. Second, as a City Council person, Miller is undeniably one of the persons in charge of the City and as such is an interested person. He is not and cannot legally be a "stranger" or "interloper" to the purported contract.

Smolinski's passing attempt to salvage his eighth claim for discrimination under California Civil Code sections 51.7 and 52.1 barely warrants mention. Civil Code sections 52.1(a) and (b) are clear that liability will only attach when a person's rights are interfered with "by threat, intimidation, or coercion," and section 52(j) makes clear that speech alone is not sufficient. The case cited in Smolinski's Opposition barely discusses the Unruh Act, much less extends it to cover the situation alleged by Smolinski in his Second Amended Complaint.

Smolinski's Opposition establishes that he cannot amend his sixth, seventh or eight claims for relief to state viable causes of action. As such, the City, the Department and Miller respectfully request that the relief they originally requested be granted in full.

2. **ARGUMENT**

A. **There Was No Contract, And Even If There Was, Miller Was Not An "Interloper" Who Had "No Legitimate Interest In The Scope Or Course Of The Contract's Performance." As Such, the Sixth And Seventh Claims for Tortious Interference With Prospective Economic Advantage Against Miller Fail As A Matter Of Law**

Smolinski's Opposition ignores half of Miller's argument as to the reason the sixth and seventh causes of action fail, and relies on a completely inapplicable case in an attempt, albeit unsuccessful, to defeat the remainder of Miller's argument.

First, Smolinski ignores the portion of *Shoemaker v. Beverlee A. Meyers*, 52 Cal.3d 1 (1990) which held that because the plaintiff was a civil servant employee, he could not have a contract of employment or state a claim for breach of contract or breach of the covenant of good faith and fair dealing, and thus could not, as a matter of law, state a claim for interference with prospective economic advantage. *Id.* at 23-25 ["As we have held, however, plaintiff, a state civil service employee, does not have a contract of employment. Plaintiff improperly seeks to cast this cause of action in tort to obtain recovery to which he is not entitled."]

Second, neither the case cited by Smolinski, *Savage v. Pacific Gas & Electric Co.* (1993) 23 Cal.App.4th 434, 439, nor the cited provisions of the City Charter support Smolinksi's sixth or seventh claims. *Savage* is in no manner factually similar to this case. It is about a journalist who sued PG&E and its executives for allegedly interfering with her employment as a correspondent at Energy User News and as a free-lance reporter for the Journal of Commerce. The

*Savage* case merely repeats the oft-stated rule that in order to state a claim for intentional interference with prospective economic advantage, a plaintiff must establish the existence of an economic relationship between himself and "some third party." 23 Cal.App.4th at 448. That is exactly why Smolinski's sixth and seventh claims fail; assuming there was a "contract" (which *Shoemaker* holds cannot be the case since Smolinski was a pubic employee), Miller was not a "third party" thereto.

The California Supreme Court in *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal.4th 503, 514 (1994) explained that "[t]he tort duty not to interfere with the contract falls only on strangers--*interlopers who have no legitimate interest in the scope or course of the contract's performance*." (Emph. added.)[1] As the City Council of which Miller is a member is the body charged with ultimately running the City, there is no simply no basis on which Smolinski can say that Miller is a "stranger" or "interloper" who has "no legitimate interest" in the performance of the alleged contract at issue.

Third, Smolinksi's reliance on Article 21 of the City of Pacific Grove Charter is misplaced and is a non-starter. Article 21 generally provides that no City Council member shall dictate to the City Manager with regard to personnel decisions. Article 45 of the Charter provides that it is a misdemeanor punishable upon conviction by fine to do so. Neither provision provides that a Council Member who purportedly interferes with personnel decisions is subject to tort liability for interference with prospective economic advantage.

---

[1] The court in *Kasparian v. Los Angeles*, 38 Cal.App.4th 242, 265-266 (1995) explained that it makes no sense to distinguish between interference with contractual relations and interference with prospective economic advantage claims.

The fact is that the City Council is the governing body of the City and as such, is charged with creating policy for the City which is implemented by City staff. The citizens of Pacific Grove have made the decision that the City Council will not become involved with personnel decisions. That does not mean, however, that if a City Council person attempts to become involved in a personnel decision, he is subjected to tort liability. To the contrary, the remedy for such alleged violation is, as pointed out by Smolinski, prescribed in Article 45 of the Charter itself. Smolinski is attempting to turn a purported violation of a city charter provision into a state law tort, for which there is absolutely no authority. As such, there is no basis for Smolinski's fifth and sixth claims for relief.

**B.     *Ortland v. County of Tehama* Does Not Save Smolinski's Eighth Claim for Relief For Discrimination Under California Civil Code Sections 51.7 and 52.2**

Smolinski's three sentence opposition to the City and the Department's Motion to Dismiss his eight claim for relief is based on *Orland v. County of Tehama*, 939 F. Supp. 1465 (ED Cal. 1996) and its purported holding that a failure to investigate claims of harassment or protect the plaintiff (purportedly from harassment) supported a claim under the Unruh Act. Thus, concludes Smolinski, he has stated a valid claim under the Unruh Act.

The problem for Smolinski is that *Orland* focused on immunity statutes, not the Unruh Act, and never holds that a plaintiff can state a cause of action under the Unruh Act merely by alleging that defendants failed to investigate or protect a plaintiff from harassment. Rather, to the extent that the *Orland* court substantively discussed the Unruh Act, it reaffirmed that "the Unruh Act prohibits violence or intimidation based on a person's sexual orientation." *Id.* at 1470. Further, the fact

is that while the court stated that the Unruh Act provided plaintiff there "with a basis for pleading a cause of action for violation of public policy" (*Id.* at 1471), it concluded that the plaintiff could *not* bring an action directly under the Unruh Act, which is precisely what Smolinski is attempting to do here.

Simply, Smolinski's Opposition does not dispute any of the law cited in the moving papers. His eighth claim for relief does not allege violence or intimidation by threat of violence, and thus does not state a claim for discrimination pursuant to California Civil Code sections 51.7 and 52.1.

### 3. CONCLUSION

Based on the above and the reasons stated in the moving papers, Defendants respectfully request that the sixth, seventh, eighth and tenth claims for relief (the last of which is conceded by Smolinski) be dismissed, without leave to amend and that all punitive damages allegations asserted against the City of Pacific Grove and the Pacific Grove Police Department be stricken, as also conceded by Smolinski.

Dated: September 5, 2008        BEST BEST & KRIEGER LLP

By:      /S/
HOWARD B. GOLDS
CYNTHIA M. GERMANO
Attorneys for Defendants
City of Pacific Grove, Pacific Grove
Police Department and Scott Miller