E-FILED on  10/16/09

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DARRIN SMOLINSKI,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF PACIFIC GROVE, et al,<br><br>    Defendants. | No. C-08-1809 RMW<br><br>ORDER GRANTING DEFENDANTS'<br>MOTION FOR SUMMARY JUDGMENT OR<br>IN THE ALTERNATIVE FOR PARTIAL<br>SUMMARY JUDGMENT<br><br>**[Re Docket No. 43]** |

Defendants' motion for summary judgment, or in the alternative partial summary judgment, came on for hearing before the court on August 28, 2009. Plaintiff opposed the motion. Having considered the papers submitted by the parties and the arguments of counsel at the hearing, and for good cause appearing, defendants' motion is granted.

This is an employment discrimination action in which plaintiff (a police officer) claims he was denied promotions because of his sexual orientation and in retaliation for his having testified on behalf of another police department employee who had unsuccessfully sued Pacific Grove for sexual harassment and retaliation. Plaintiff also claims that he was subjected to a hostile work environment, that defendants inflicted emotional distress on him and that defendant Scott Miller, the former Chief of Police, interfered with his prospective business advantage. In addition to defendant

1  Miller, plaintiff seeks recovery from the City of Pacific Grove (City of Pacific Grove Police
2  Department) and Darius Engles, the current Chief of Police. Defendants have moved for summary
3  judgment contending that plaintiff has not raised a triable issue of fact on his claims that he was
4  denied promotion based on his sexual orientation or based on retaliation, that he was subjected to a
5  hostile work environment or that he was the victim of any wrongdoing by defendants.

6  Employees in unlawful discrimination cases only have a minimal initial burden to show an
7  inference of unlawful discrimination or retaliation. *See Miller v. Fairchild Industries, Inc.*, 797 F.2d
8  727, 730-31 (9th Cir. 1986). Causation sufficient to establish a *prima facie* case of unlawful
9  retaliation may be inferred from the proximity in time between the protected action and the allegedly
10 retaliatory discharge. *Id.* at 731. This is the only evidence plaintiff has put forth to meet his initial
11 burden. The remainder of plaintiff's showing amounts essentially to his personal speculation as to
12 the motives of the defendants. Even if plaintiff is deemed to have met his initial burden, he has
13 failed to offer evidence to establish that the defendant's non-discriminatory reasons are pretextual.
14 *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 143, 148 (2000).

15 Plaintiff has not come forward with evidence to establish any acts of retaliation emanating
16 from his testifying on behalf of his co-worker. At best, plaintiff has come forward with evidence
17 that his sexual orientation was known to some within the department, and that over the course of his
18 ten-year tenure, he has been offended by some comments and conduct, only a few of which were
19 directed at him. Plaintiff has also not established that the offensive comments or conduct were so
20 pervasive as to give rise to a hostile work environment claim. To survive summary judgment on a
21 claim of failure to prevent the creation of such an environment, a plaintiff must show a genuine
22 factual dispute as to: (1) whether a reasonable person would find the workplace so objectively and
23 subjectively hostile toward homosexuals as to create an abusive working environment; and (2)
24 whether the defendants failed to take adequate remedial and disciplinary action. *See Davis v. Team*
25 *Elec. Co.*, 520 F.3d 1080, 1095 (9th Cir. 2008). Simple teasing, offhand comments, and isolated
26 incidents (unless extremely serious) do not constitute a hostile or abusive work environment. A
27 working environment is abusive if hostile conduct pollutes the victim's workplace. *Id.* Plaintiff has
28 not come close to making the required showing. The fact that some fellow officers made comments

1  that could be construed as derogatory toward homosexuals over plaintiff's many year career and that
2  at for a period of time an outsider sent harassing correspondence to the department does not meet the
3  requirements for a hostile work environment.  Plaintiff has also not offered facts which could
4  establish that the defendants (City, Police Department, and Scott Miller) are responsible for the
5  conduct which he alleges caused him emotional distress.

6        Plaintiff has not identified any evidence of anti-homosexual attitude by the City Manager,
7  who made the decision not to promote plaintiff to commander, or any evidence of anti-homosexual
8  attitude on the part of Miller.  Plaintiff has also not identified evidence from which such an anti-
9  homosexual bias or retaliatory motivation could reasonably be inferred.  Plaintiff has offered no
10 evidence to rebut Mr. Colangelo's testimony that he did not know plaintiff was homosexual at the
11 time he made the decision not to promote plaintiff to Commander or that Mr. Colangelo's reason for
12 not promoting him was pretextual.  The facts identified by plaintiff – that an interview by the City
13 Manager had never been required before, that the City Manager did not follow proper procedures in
14 noticing the interview requirement, in carrying out the interview, or in failing to score the
15 candidates, and that Miller told Colangelo not to promote Smolinski because he believed Smolinski
16 was dishonest – taken together, do not give rise to any reasonable inference that the employment
17 decision was motivated by retaliation or by plaintiff's sexual orientation.

18       Plaintiff has therefore failed to carry his burden in opposing summary judgment to establish
19 that there is any genuine issue of material fact upon which a reasonable trier of fact could find in his
20 favor on these claims.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v.*
21 *Catrett*, 477 U.S. 317, 322 (1986).  Accordingly, defendants are entitled to summary judgment on
22 each of plaintiff's claims based on discrimination or retaliation, or which are necessarily dependant
23 upon discrimination or retaliation, specifically, the first cause of action under FEHA, the second
24 cause of action under 42 U.S.C. §20000e et. seq., the third cause of action for negligence (breach of
25 duty to provide working environment free from harassment, discrimination and retaliation), the ninth
26 cause of action for sexual orientation discrimination, and the eleventh cause of action for negligent
27 supervision and training.
28

United States District Court
For the Northern District of California

1   Defendants are also entitled to summary judgment on the fourth and fifth causes of action for
2 the intentional and negligent infliction of emotional distress.  These claims are premised upon the
3 allegation that the City of Pacific Grove, the Pacific Grove Police Department, and Scott Miller
4 engaged in willful, malicious and outrageous conduct, or alternatively were negligent, pursuant to
5 which plaintiff "was and continues to be forced to endure humiliation and ridicule due to his sexual
6 orientation and retaliatory acts based on his role as a witness in a Federal Court proceeding on
7 behalf of a bisexual co-worker."  Second Amended Complaint at ¶¶29-30 and 34-35.  Plaintiff has
8 failed to carry his burden in opposing summary judgment to establish that there is any genuine issue
9 of material fact upon which a reasonable trier of fact could find in his favor on these claims.
10 *Anderson*, 477 U.S. at 248.  While he identifies various incidents that he found offensive over the
11 course of his ten-year employment, he has not come forward with evidence upon which a reasonable
12 trier of fact could find these defendants are responsible or liable.  Thus, summary judgment is
13 appropriate.  *Celotex*, 477 U.S. at 322.
14   Finally, defendant Miller is also entitled to summary judgment on plaintiff's sixth claim for
15 intentional interference with economic advantage.  By an earlier order of the court, this claim was
16 limited to the time frame following Miller's departure from the police department.[1]  While there is
17 evidence that Miller spoke with Colangelo when Smolinski was under consideration for the position
18 of Commander and told Colangelo that he believed Smolinski was dishonest, the evidence is
19 unrebutted that Colangelo disregarded Miller's comment and instead based his decision not to
20 promote Smolinski based on what he considered to be Smolinski's unsatisfactory interview.  Plaintiff
21 has failed to come forward with sufficient evidence upon which a reasonable trier of fact could rule
22 in his favor on this claim.  Accordingly, summary judgment in favor of defendant Miller is
23 appropriate.

---

[1] That same order dismissed the seventh and eighth causes of action and noted the parties' agreement to dismiss the tenth cause of action.  Docket No. 36.

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE FOR PARTIAL SUMMARY JUDGMENT—No. C-08-1809 RMW
TER                                                                              4

**ORDER**

For the foregoing reasons, defendants' motion for summary judgment is granted.

DATED: 10/16/09

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

Stephen Joseph Usoz   SUsoz@Hoganlaw.com
Leslie Holmes        lholmes@hoganlaw.com

**Counsel for Defendants:**

Howard Benjamin Golds   howard.golds@bbklaw.com
Cynthia Marie Germano   cynthia.germano@bbklaw.com
Eugene Tanaka           monica.brozowski@bbklaw.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**   10/16/09                              TER
                                          **Chambers of Judge Whyte**

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE FOR PARTIAL SUMMARY JUDGMENT—No. C-08-1809 RMW
TER                                                                                              6